Martin Schenck, J.
The issues in this case concerning the claims of the individual plaintiffs, Eleanor V. Race and Jacques L. Race, as well as of their infant son by his guardian ad litem, against the two defendants were submitted to the jury as questions of fact. The jury brought in verdicts of no cause of action in favor of both defendants against all plaintiffs. The plaintiffs now move to delete costs and disbursements from the judgment pursuant to the discretion conferred upon the court by section 8101 of the Civil Practice Law and Rules. The section provides in pertinent part: “ The party in whose favor a judgment is entered is entitled to costs in the action, * * * unless the court determines that to so allow costs would not be equitable, under all of the circumstances.”
The plaintiffs argue that the allowance of costs here would not be equitable on several grounds. The most cogent of these is that one of the plaintiffs is an infant whose rights could only be determined by a ¡trial in view of the fact that no offer of compromise was made by either defendant. If the case involved an infant as the sole party plaintiff I would be inclined to agree with the position that an award of costs might not be equitable. I am assuming, furthermore, that the judgment as entered does not provide for costs against the infant individually or through his guardian ad litem. If it does so provide, such costs insofar *179 as they may be against the infant must be deleted from the judgment.
In this case, however, the individual plaintiffs sued on their own behalf. As a matter of fact, by far the greater portion of the damages claimed were on behalf of the adult plaintiffs. There was very little proof of any damages sustained by the infant. Even had the plaintiffs prevailed, the award to the infant could not have been more than nominal. This motion must, therefore, be determined upon the basis of the arguments raised by the plaintiffs that costs may be inequitable for reasons peculiar to the adult plaintiffs.
In the first place, the court can express sympathy with these plaintiffs in the predicament in which they now find themselves. The fact, however, that judgment in a lawsuit may be costly to individuals of little means, who themselves commenced that action, cannot be grounds for holding that the judgment thereby is “ inequitable ”. A person bringing a lawsuit is on notice that if he loses he is subject to incurring expenses as authorized by law. It would create an extremely dangerous precedent to hold that a poor person can sue a corporation in the hope of securing a verdict but resting upon the assurance that if he loses it will cost him nothing. A lawsuit, by its very nature, is a calculated risk. ‘£ Strike ’ ’ litigation would be encouraged by any such rule. Furthermore, if the question of costs were to be based upon the indigency of a plaintiff, the question would always be presented as to just how indigent the person concerned might be. Where would there be a breaking point as to whether or not a person is entitled to exemption from costs because he had a relatively small income 1 Corporations are persons within the contemplation of the law and are subjected to liabilities and are entitled to rights in the same manner as private persons.
In the case at hand, there certainly could be no argument raised at all if the unsuccessful plaintiffs were wealthy persons or a large corporation. The provision of law concerning equity with respect to costs is, in my opinion, intended to deal with unusual or peculiar circumstances surrounding the litigation itself. Aside from its possible application to infants I cannot see a sound basis for an argument that the .section was intended for the protection or benefit of parties based purely on their economic status.
It is true that the plaintiffs satisfied the court that there was sufficient evidence presented to submit the issue to a jury. As stated during the trial, my resolution to submit the case to the jury was based upon the precedent of Gonyo v. Hewson (3 A D 2d 949) in which the facts might be considered some *180 what analogous to those in the case before us. Counsel, in relying upon this one Appellate Division decision, presumably advised his clients of the risk they were taking. Certainly, counsel is not being criticized because of what must be termed a “ gamble ” in the light of the Gonyo case. On the other hand, the defendants did prevail and they are entitled to judgment with all appurtenances thereto that might be prescribed by law. Such appurtenances include costs. I cannot say that the award of such costs to the defendants against the individuals Eleanor V. Race and Jacques L. Race is inequitable within the meaning of section 8101 of the Civil Practice Law and Rules. The motion is in all respects denied, except to the extent that if costs have been proposed against the infant or his guardian ad litem, as such, such should be deleted. No additional costs are awarded upon this motion. ,