**BOAS BOX COMPANY, Plaintiff,**

v.

**PROPER FOLDING BOX CORPORATION, Defendant.**

**No. 68–C–932.**

United States District Court,
E. D. New York.

Oct. 1, 1971.

James & Franklin, New York City, for plaintiff.

Peter L. Tailer, New York City, for defendant.

### Memorandum of Decision and Order

MISHLER, Chief Judge.

The court, in a memorandum of decision and order, 330 F.Supp. 401, dated April 28, 1971, declared defendant's United States Patent No. 2,821,297 and United States Patent No. 2,988,259 invalid and void, and dismissed the defendant's counterclaims for infringement of both patents and for unfair competition.

Plaintiff has filed a bill of costs in the amount of $1,572.32, which costs were in turn taxed by the Clerk. Defendant has moved to review the taxation of costs.

In the exercise of the discretion given to the trial court, costs are taxed in the amount of $41.84, representing fees of the Clerk and the Marshal and docket fees under 28 U.S.C. §§ 1920, 1923. All other costs are disallowed for the reasons set out below.

### Statutory Background

Taxation of costs in the federal courts is provided for by Rule 54(d), F.R.Civ.P.

(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs;* . . . Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court. (Emphasis added).

Express provisions relating to costs are set out in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States *may* tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree. (Emphasis added.)

It will be noted that the statutory language is permissive, rather than mandatory. "[W]hen permissive language is used, the district court may, pursuant to

Rule 54(d), exercise a sound discretion relative to the allowance of costs. . . . While costs follow the judgment as of course under § 1918(a), the court under §§ 1923 and 1920, *infra,* has discretion to decline to award as costs items dealt with by those sections." 6 Moore's Federal Practice ¶ 54.71, pp. 1314–1315 (2nd ed.) (footnotes omitted).

Thus, while it is proper to allow the above items under proper circumstances, *see* Peck, "Taxation of Costs in United States District Courts," 37 F.R.D. 481 (1965), it is also proper to disallow them in certain cases. Farmer v. Arabian Oil Company, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); Moore, *supra;* Scaduto v. Orlando, 381 F.2d 587 (2d Cir. 1967); Oscar Gruss and Son v. Lumbermens Mutual Casualty Co., 422 F.2d 1278 (2d Cir. 1970); United States v. Procario, 361 F.2d 683 (2d Cir. 1966); Syracuse Broadcasting Corp. v. Newhouse, 319 F.2d 683 (2d Cir. 1963); Prudence-Bonds Corp. v. Prudence Realization Corp., 174 F.2d 288 (2d Cir. 1949); United States v. Erie R. Co., 200 F.2d 411 (6th Cir. 1952); United States v. Bowden, 182 F.2d 251 (10 Cir. 1950).

The exercise of the trial court's discretion is particularly appropriate here. Defendant is a very small business struggling to say alive. The imposition of the full bill of costs might very well prove disastrous to the company.

The good faith of defendant in the defense of this suit is not to be questioned. *See* Knickerbocker Plastic Co., Inc. v. Allied Molding Corp., 96 F.Supp. 358 (S.D.N.Y.1949). Its defense was not vexatious or frivolous. It held two United States patents, which, with all other issued patents, carried a presumption of validity. 35 U.S.C. § 282. The burden of establishing invalidity was upon the plaintiff. Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 984 (1937). It was eventually decided that the patents were invalid, but the question was very close and difficult to decide.

In addition, the court found that the plaintiff had indeed infringed the patents of defendant, although the decision of invalidity forced the dismissal of the counter claim based on the infringement

The various items sought to be taxed as costs were not necessary for the court to make its decision. The transcript and the photographs and models were useful and may have enhanced the clarity and ease of the presentation, but the decision could have been made without them. The deposition material was used at the trial, but was also not essential.

It would be unfortunate if the threat of the imposition of the ever-increasing costs of litigation were to prevent a party such as the present defendant from defending with full vigor a case which it reasonably thought should be decided in its favor, or even a case where the issue was close. The court has indeed upheld part of the defendant's claim and only narrowly decided against the rest.

It may well be desirable that the potential cost of unsuccessful litigation should act as a deterrent to litigation and an incentive for the parties to settle. But where the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sword of Damocles and so prevent a good faith defense. It is to inevitate such a result that the court's discretion is employed in such instances.

Upon motion of defendant to review the taxation of costs, the court imposes costs in the amount of $41.84. All other costs are disallowed.

So ordered.