Angeline **OSTAPOWICZ**

v.

**JOHNSON BRONZE COMPANY.**

**Civ. A. No. 71–404.**

United States District Court,
W. D. Pennsylvania.

March 10, 1972.

Robert N. Hackett, Pittsburgh, Pa., for plaintiff.

Jonathan Alder, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER RE: CLASS ACTION

KNOX, District Judge.

We have previously allowed this sex discrimination case to proceed as a class action. Tentatively, we entered an order describing the class as "All past, present and future female employees of Johnson Bronze Company at its New Castle, Pennsylvania, plant". After argument and receipt of memoranda of counsel, we have concluded that this should be revised so as to read: "All past, present and future female employees of defendant Johnson Bronze Company at its New Castle, Pennsylvania plant *including all females who may in the past have sought and been denied employment because of sex discriminatory practices.*"

This will give us subclasses as follows:

(a) all present female employees;

(b) all past female employees;

(c) all future female employees;

(d) all females who have sought and been denied employment because of sex discriminatory practices.

We agree with the analysis of the notice provisions of Rule 23 pertaining to class actions contained in the opinion of the Court of Appeals for the Second Circuit in Eisen v. Carlisle and Jacquelin, 391 F.2d 555 (1968) wherein the court said at page 568:

"While the Supreme Court has recognized that class actions represent an exception to the general rule under which only parties are bound by a judgment, the procedure adopted must conform to the requirements of due process and fairly insure the protection of absent parties who are to be bound. Hansberry v. Lee, 311 U.S. 32, 42, 61 S.Ct. 115, 85 L.Ed. 22 (1940). Notice, as an integral part of due process must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The Advisory Committee in its note has suggested that the mandatory notice pursuant to 23(c)(2) and the discretionary notice under 23(d)(2) were intended to fulfill the requirements of due process established in Hansberry and Mullane. Advisory Committee's Note at 107. The Advisory Committee also sought to ensure that individual interests would be respected in (b)(3) cases by giving class members the opportunity to avoid being bound by the judgment if they requested exclusions and so informed the court."

While defendant calls attention to the fact that plaintiff's complaint only sought to maintain a class action pursuant to Rule 23(b)(2) wherein notice is not required, this overlooks the fact that the court has determined that this class action is properly maintainable under both 23(b)(2) and 23(b)(3) as to which latter type of action notice is required under Rule 23(c)(3). Regardless of this the court has discretionary power to require notice under the provisions of Rule 23(d) and in our discretion we do require that such notice be given so that requirements of due process be satisfied and all members of subclasses a, b and d be given an opportunity to join or opt out.

With respect to costs, while most of the cases impose costs of notice upon plaintiff as representative of the class, nevertheless the court has discretion in this matter and we agree with the analysis of the Southern District of New York in the later Eisen case, Eisen v. Carlisle and Jacquelin, 52 F.R.D. 253 (S.D.N.Y.1971) holding that the court may apportion costs between the parties considering plaintiff's inability to pay and whether or not plaintiff has made a strong showing of likelihood to succeed upon the merits.

We have already held three days of hearings on plaintiff's motion for preliminary injunction and from what we have heard at such hearings have reached a tentative conclusion that plaintiff has made out at least a prima facie case. For these reasons, we determine this a proper case for dividing the costs of notice equally between plaintiff and defendant. At the conclusion of the case, these costs will probably be taxed in toto against the losing party. We have recently been admonished by the Administrative Office that judiciary funds are not available for the purpose of paying expenses of notices in class actions. See also Moore's Federal Practice 23.55.

We will, therefore, require that appropriate notice be given to subclasses a, b and d. As to present and past female employees (subclasses a and b) at defendant's plant, defendant will be required to supply a list of names and addresses to plaintiff's counsel so that notices may be mailed to them. We will also require that proper notices of pendency of this action be advertised once a week for three weeks in a newspaper of general circulation in Lawrence County, Pennsylvania, and that the defendant be required to attend to the posting of copies of this notice upon company bulletin boards where information to employees is posted at its plant in New Castle. We will direct that the actual preparation of the notices to be mailed and the notices to be advertised and posted be entrusted to plaintiff's counsel and that copy of the same be submitted to the court for approval with copies to defendant's counsel for objections within 30 days from date of this order. We further direct that defendant shall supply the list of names and addresses specified herein to the court and to plaintiff's counsel within 30 days from the date of this order. At that time, future directions will be given as to handling of notices and receipts of inquiries and mailed replies.