Juan **MALDONADO**, Plaintiff,

v.

James **PARASOLE**, Defendant.

No. 73–C–671.

United States District Court,
E. D. New York.

April 3, 1975.

William J. Gallagher, The Legal Aid Society, New York City (John E. H. Stackhouse, Brooklyn, Donald H. Zeigler, Pierce Gerety, Jr., Brooklyn, of counsel), for plaintiff.

Davis, Polk & Wardwell, New York City (Richard E. Nolan, Stephen D. Hoffman, Robert F. Wise, Jr., New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Plaintiff brought this civil rights action against a former police officer, based on an alleged illegal assault and arrest. Following a jury verdict for defendant, costs of $621.00 were imposed against plaintiff. Plaintiff then requested this court to vacate its order awarding costs. That motion was denied.

Plaintiff's present motion seeks a rehearing of his earlier motion; leave to appeal in forma pauperis; and a certification by the court that his appeal, based on the imposition of costs, presents a substantial question so that he may obtain a transcript of the trial proceedings at government expense. Fed. R.App.P. 24, 28 U.S.C. § 753(f). For the reasons stated below, the court denies the motion for rehearing, grants the plaintiff leave to appeal in forma pauperis, and refuses to certify that the appeal involves a substantial question.

## I. FACTS

Prior to trial, a series of conferences were held before the court for the purpose of determining whether settlement was possible. Defendant was sworn and questioned at length by plaintiff's counsel concerning his financial circumstances. In addition, plaintiff personally was given an opportunity to ask questions of the defendant to satisfy himself of the defendant's means—a most unusual and demeaning procedure permitted only because it was demanded by plaintiff as a basis for the settlement discussions that all counsel and the court believed desirable.

Despite defendant's obvious indigency, the plaintiff rejected settlement offers and continued prosecution of his action. The final settlement offer rejected by the plaintiff would have provided for a cash payment from funds to be borrowed by the defendant.

Plaintiff's claim was based on an alleged unlawful and unprovoked assault by defendant, then a police officer, followed by unlawful arrest and prosecution. He alleged damages in the amount of $15,000 and sought punitive damages of $10,000. At the trial there was no substantiation or corroboration of the claims of physical injury. To the contrary, the testimony established that plaintiff never saw a doctor, never lost any time from work or school and had no economic loss.

Material portions of plaintiff's testimony were directly contradicted by evidence from disinterested sources, while other parts were exaggerated. Specifically, he testified that he never bit the defendant, a material point in the case, although unchallenged medical records established that the officer was, in fact, bitten. Plaintiff swore that he was brutally beaten to the point of bleeding profusely, although neither his cousin, who testified on direct examination to being present immediately after the alleged assault, nor any other witness corroborated this testimony.

## II. THE GRANTING OF COSTS TO THE DEFENDANT WAS PROPER

■ Federal Rule of Civil Procedure 54(d) provides for routine allowance of costs to the prevailing party unless the court otherwise directs. It reads:

"(d) *Costs.* Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed *as of course* to the prevailing party unless the court otherwise directs; . . ." (Emphasis added.)

Thus, the defendant was entitled to costs unless the court exercised its discretion and expressly directed otherwise. *See* Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); Electronic Specialty Co. v. International Controls Corp., 47 F.R.D. 158, 160 (S.D.N.Y.1969). "The burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party." 10 C. A. Wright and A. R. Miller, Federal Practice and Procedure: Civil § 2668 at 142 (1973).

Plaintiff's request to amend the judgment calls not for relief from an exercise of the court's discretion, but rather seeks to invoke that discretion to avoid the payment of costs for which he is liable, as is any other unsuccessful party in a civil case. He argues that the court should exercise its discretion and not grant costs to the defendant because (1) the case was "a close one", (2) it was brought in good faith, and (3) he is indigent.

The case was not a "close" one. *See* Boas Box Co. v. Proper Folding Box Corp., 55 F.R.D. 79 (E.D.N.Y.1971). Plaintiff produced no evidence to support his claims of physical injury. Plaintiff's testimony as to whether he bit officer Parasole and as to the severity of the alleged beating were incredible. There was ample basis for the jury's swift verdict.

■ Good faith litigation does not absolve a party from imposition of costs. It is true that in Duhart v. Carlson, 469 F.2d 471 (10th Cir. 1972), cert. denied sub nom. Long v. Carlson, 410 U.S. 958, 93 S.Ct. 143, 35 L.Ed.2d 692 (1973), the court, in assessing costs against the plaintiff, ruled that "a person who is an indigent has no constitutional right to access to the courts to prosecute an action that is frivolous and malicious." *Id.* at 478. But even if we were to hold that this action was not frivolous and malicious—a proposition about which we have some doubt in view of plaintiff's lack of candor on the witness stand—this position would prevent the granting of costs in almost all cases where the plaintiff was unsuccessful. Instances of suits brought in complete bad faith are unusual. An approach requiring a showing of frivolity as a basis for assessing costs would contravene the express provision of Rule 54(d) which contemplates the awarding of costs to the prevailing party "as of course".

■ Indigency is a proper ground for denying costs in some cases where there is a wide disparity of economic resources between the parties. *Cf.* Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); Mintz v. Allen, 254 F.Supp. 1012, 1013 (S.D.N.Y.1966); Ledge Hill Farms, Inc. v. W. R. Grace & Co., 230 F.Supp. 638, 641 (S.D.N.Y.1964); Ostapowicz v. Johnson Bronze Co., 54 F.R.D. 465 (W.D. Pa.1972); Boas Box Co. v. Proper Folding Box Corp., 55 F.R.D. 79, 81 (E.D. N.Y.1971); Race v. Norman's Kill Farm Dairy Co., 247 N.Y.S.2d 297, 298–99 (County Court 1964). That is not the case before us.

Defendant's indigency was as great as plaintiff's. Plaintiff and his counsel were afforded full and complete disclosure as to the defendant's financial circumstances, but they elected to proceed to trial. Plaintiff rejected a settlement offer which would have provided him with a cash payment causing de-

fendant's family severe hardship were it paid because defendant had no assets and was living on borrowed funds and the proceeds of a part-time job as a taxicab driver.

There has been a failure to show any hardship created by the awarding of costs, other than that plaintiff would rather not pay them. The amount is not great. The plaintiff is a young, able-bodied male with no dependents. The argument of plaintiff that he will not be able to obtain credit while this judgment is outstanding is hardly persuasive. His obligation, when and if he obtains a job, is to pay judgments before acquiring goods and services on credit.

Plaintiff was represented in this action by The Legal Aid Society, presumably without fee and apparently without paying any of the expenses of counsel. Consequently he has incurred no expense as a result of its prosecution. He was unemployed and not in school during the trial. Attendance at court cost him nothing. Defendant has also been represented by appointed counsel, also without fee, at considerable out-of-pocket cost to his attorneys. As a result of having to prepare for and attend the trial of this action, the defendant lost his job as a taxicab driver, thereby depriving his wife and infant son of their sole means of support. Plaintiff, who has no dependents, and his counsel, who have vigorously prosecuted this action despite defendant's indigency and despite the fact that the defendant has been dismissed from the police department, are in a poor position to now assert indigency as a reason why costs should not be granted.

There is some substance to defendant's submission that plaintiff's and his counsel's belief that this case was, in essence, a "free ride," contributed to the failure of the parties to reach a settlement. Their position necessitated numerous court appearances and a three day trial, including the calling of two active police officers, at great expense to the taxpayer, to defendant and to his appointed counsel. *Cf.* Crutcher v. Joyce, 146 F.2d 518 (10th Cir. 1945).

This case poses vexing questions respecting new ethical problems in the administration of civil rights damage actions when both the plaintiff and the defendant are impoverished and the defendant is not represented by a municipality or other government agency. As matters now stand, civil rights defendants who are not protected by a government agency or a union may find it more difficult to obtain counsel than do plaintiffs. Only through the intervention of the Committee on Federal Courts of the Association of the Bar of the City of New York was *pro bono* counsel from Davis, Polk and Wardwell obtained, enabling the defendant to prepare and present his defense. Without such counsel's assistance, the defendant probably would have been unable to properly defend the charges and he might now be faced with a large judgment.

In such a situation the normal economic pressures to settle a litigation in a sensible and practical way do not exist. Counsel, because they serve without fee, are in the unenviable position of being manipulated by possibly vindictive clients who they cannot in good conscience abandon and who feel no economic pressure to come to a reasonable settlement. Utilizing subsidized legal aid offices to press claims against individuals who cannot afford a lawyer is troublesome—representation of all parties must be accomplished so that the rights of each may be presented in a balanced adversarial fashion. For commentary touching upon these ethical issues, *cf.* M. Rosenberg, et al., Elements of Civil Procedure, Cases and Materials 23–24 (1970 ed.); Cahn & Cahn, Power to the People or the Profession?—The Public Interest in Public Interest Law, 79 Yale L.J. 1005, 1007–08, 1032 (1970); Comment, The New Public Interest Lawyers, 79 Yale L.J. 1069, 1131–37

(1970); Report on Pro Se Rights Actions in United States Courts, Committee on the Federal Courts of the Association of the Bar of the City of New York, N.Y.L.J. Dec. 4, 1974, at 7, col. 1.

■■ When both parties are penurious and there is a verdict in favor of the defendant, there appears no reason why the general rule, awarding costs to the prevailing party should not be followed. Fed.R.Civ.P. 54(d). Compared to English fees and costs, ours are modest indeed. *See* 6 J. Moore, Federal Practice ¶ 54.70 [2] at 1302 (1974 ed.). There is no reason to believe that assessing them in a case such as the one before us will inhibit the bringing of bona fide claims for civil rights violations in the future.

This is a far cry from the situation in Boas Box Co. v. Proper Folding Box Corp., 55 F.R.D. 79 (E.D.N.Y.1971). There, the court found that since the antagonists were "unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sword of Damocles and so prevent á good faith defense." *Id.* at 81. *Cf.* 10 C. A. Wright and A. R. Miller, Federal Practice and Procedure: Civil § 2665 at 125 (1973).

## CONCLUSION

■ Plaintiff's motion to amend the final judgment by vacating the granting of costs to defendant is denied. Because the court finds that the plaintiff is without appreciable funds, leave is granted to appeal in forma pauperis. The court refuses to certify that an appeal based on the court's power or discretion to assess costs presents a "substantial question." 28 U.S.C. § 753(f). No reason appears why the taxpayers should be burdened further by being required to pay for a trial transcript.

So ordered.