Cornelia J. DeGIER, on behalf of herself and all other women similarly situated, Plaintiff,

v.

McDONALD'S CORPORATION, Defendant.

No. C–76–1525 SC.

United States District Court, N. D. California.

Aug. 12, 1977.

---

**6.** The Supreme Court, 1975 Term, 90 Harv.L.Rev. 56, 243 (1976).

Gerald E. Magaro, San Francisco, Cal., for plaintiff.

Lawrence J. Gartner, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for defendant.

## ORDER

CONTI, District Judge.

This matter is before the court on plaintiff's motion filed pursuant to Rule 23(c)(1), F.R.C.P., to certify this action as a class action.

Based on the papers submitted, the court is without a proper factual foundation to definitively conclude that all the requirements of Rule 23 have been met. Having so found, however, the court will conditionally certify this action as a class action under Rule 23(b)(2) and Rule 23(b)(3). The class will conditionally consist of all female persons who have been employed, are presently employed, or might be employed by defendant McDonald's Corporation at any of its facilities located in the San Francisco Region of McDonald's Corporation since December 20, 1974, who have been or will be excluded from or denied jobs in management.

Furthermore, pursuant to Rule 23(d)(2), the court orders plaintiff to give notice at her own expense to everyone in the class. The main purpose of this notice is to give all class members the opportunity to signify whether they consider their representation in the instant suit fair and adequate. In the instant case, the adequacy of plaintiff's counsel has been brought into question. Notice is appropriate under these circumstances. *Bauman v. United States District Court*, 557 F.2d 650, 659 (9th Cir. 1977); *Elliott v. Weinberger*, 564 F.2d 1219, —— (9th Cir. 1977).

The notice shall include a provision that a class member may opt out. Rule 23(c)(2) requires an opt out notice for Rule 23(b)(3) classes. *Eisen v. Carlisle & Jacque-*

*lin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Since plaintiff seeks damages for pain and suffering, back pay and punitive damages, the case may require official certification under (b)(3). To not provide the opt out provision in the already required Rule 23(d)(2) notice, may impose an additional burden on plaintiff at a later date if (b)(3) certification is concluded to be proper.

Furthermore, equal protection and due process requires the right to opt out of Rule 23(b)(2) classes. *Walker v. Styrex Industries,* 21 Fed. Rules Service 2d 355 (M.D. N.C., Jan. 7, 1976); *Ostapowicz v. Johnson Bronze Co.,* 54 F.R.D. 465 (W.D.Pa.1972). "[W]omen deserve the right to know that a suit is underway, to choose to withdraw from it if they wish so to do, or to be represented by counsel of their own choosing." *Walker v. Styrex Industries, supra,* at 358.

The Supreme Court has held that selective denials of access to trial court have violated the Equal Protection Clause. *Ortwein v. Schwab,* 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973) (per curiam); *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See also Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (appellate court). There can be no logical distinction between denial of access to a trial court and mandatory inclusion in a class action before a trial court. For whatever reason, a person has the right to bring or not bring his or her case to court. A selective inclusion of a person by way of a class action cannot be permitted unless that person has first the option to exclude himself or herself from the class. At least, if there is to be selective inclusion without the opportunity to exclude oneself, there must be a substantial justification. *United States v. Kras, supra* at 443–49, 93 S.Ct. at 636–640, 34 L.Ed.2d at 634–638. The court can find no such justification in the instant case. The court pursuant to Rule 23(d)(2) has already ordered that notice is required. To add an opt-out provision to this notice imposes no additional burden on plaintiff. Certainly a failure to give such an option to absent class members in this case would amount to a violation of the Equal Protection Clause and the Due Process Clause.[1]

Regarding plaintiff's own motion to permit her to post a bond for expected costs of this litigation, the court finds no reason not to grant plaintiff's request. Plaintiff has requested a bond not to exceed $3,000.00.

For the above reasons, it is the order of the court that plaintiff's Rule 23(c)(1) motion to certify this action as a class action is conditionally granted; it is the further order of the court that notice be sent to absent class members with the above described inclusions; and it is the final order of the court that plaintiff post a bond to cover expected costs in the amount of $3,000.00. This final order is subject to modification as developments in the case might require. Furthermore, the court's Rule 23(c)(1) power to alter or amend this order is preserved.

---

1. The court recognizes that its already required Rule 23(d)(2) notice directed at adequacy may alone spark absent class members to exercise their right to intervene pursuant to Rule 24 F.R.C.P. in order to protect any specific interest they may have in the suit. Thus, the argument would be that an opt-out provision is unnecessary since Rule 24 intervention is available to protect disenchanted (b)(2) class members. Such an argument, however, misses the point. Rule 24 intervention still requires an absent plaintiff class members to involve themselves in a law suit not of their choosing. A person should have the right to exclude himself or herself from a law suit by opting out of the suit at the first available time and a person should not be required to intervene to express his or her position regarding the suit.