**Jane CATLETT, Patricia Leembruggen, Grace Tuter and Adeline Kallemyn, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, et al., Defendants.**

**No. 78–4061–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

April 26, 1984.

See also, D.C., 589 F.Supp. 929.

**950**

Lisa Van Amburg, Karen Plax, Raytown, Mo., for plaintiffs.

John Gladden, Asst. Counsel, Paula Lambrecht, Asst. Counsel, Missouri Highway & Transp. Com'n, Jefferson City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, District Judge.

Pending before the Court is a motion filed on behalf of the plaintiff class requesting that a fund be established by the Court to be used for the purpose of locating class members who are entitled to relief as a result of the finding of liability under Title VII against the Missouri Highway and Transportation Commission. In addition, the plaintiffs request that the Highway Commission be ordered to finance this fund.

On April 26, 1982, the Court ordered pursuant to Fed.R.Civ.P. 42(b) that this class action sex discrimination suit be severed into separate trials on the issues of (a) liability and (b) prospective equitable relief, monetary damages, and attorneys' fees. At the conclusion of the liability phase of this trial, the Court found that the Highway Commission discriminated against the class through its recruitment and hiring policies in violation of Title VII. Similarly, jury verdicts were returned in favor of the class and against the Highway Commission on plaintiffs' cause of action based on 42 U.S.C. § 1983.

In support of their motion, the plaintiffs state there are approximately two hundred class members whose whereabouts are unknown. In the course of preparing for trial, plaintiffs' counsel sent out questionnaires to the last known addresses of all class members which were ascertained from employment application forms. Approximately two hundred of these questionnaires were returned by the postal service, undelivered as addressed. The plaintiffs point out that it has been several years since some of the class members made their applications for employment, and that many class members have moved without leaving a forwarding address.

The parties do not dispute the importance of locating class members in order to determine appropriate relief. Such notice to class members is authorized by Fed.R. Civ.P. 23(d)(2), which provides that the Court may make appropriate orders requiring, for the protection of the members of the class, that notice be given in such manner as the Court may direct to some or all of the members of any step of the action. The Highway Commission, however, contends that under the *Eisen* line of decisions the plaintiffs should bear the cost of notice.

In *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ("Eisen IV"), the Supreme Court stated that the usual rule is that the plaintiffs in a class action must initially bear the cost of notice to the class under Rule 23(c)(2).[1] *Id.* 94 S.Ct. at 2153. The Supreme Court has further stated that "courts must not stray too far from the principle underlying *Eisen IV* that the representative plaintiff should bear all costs

---

1. The "specific holding of *Eisen IV* is that where a representative plaintiff prepares and mails the class notice himself, he must bear the cost of doing so." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). *Eisen IV* therefore did not present issues concerning either the procedure by which a representative plaintiff might require a de-

fendant to help identify class members, or whether costs may be allocated to the defendant in such a case. *Id.* Rule 23(d), and not the discovery rules, is the appropriate source of authority for an order directing a defendant to help identify the members of a plaintiff class so that individual notice can be sent. *Id.*

relating to the sending of notice because it is he who seeks to maintain the suit as a class action." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 2393, 57 L.Ed.2d 253 (1978).[2] The Supreme Court in *Eisen,* however, did not rule out the possibility of exceptional circumstances that might justify a shifting of notice cost burdens, as the Court expressly refused to give an opinion on the proper allocation of costs in the situation where a fiduciary duty pre-existed between the plaintiff and defendant. *Eisen, supra,* 94 S.Ct. at 2153 n. 15. Although the Supreme Court subsequently stated in *Oppenheimer Fund, Inc.* that a "bare allegation of wrongdoing, whether by breach of fiduciary duty or otherwise, is not a fair reason for requiring a defendant to undertake financial burdens and risks to further" a plaintiff's case, *Oppenheimer Fund, Inc., supra,* 98 S.Ct. at 2395, a number of cases have recognized that cost allocation is proper once the defendant's liability has been established.

In *Kyriazi v. Western Elec. Co.,* 465 F.Supp. 1141 (D.N.J.1979), a class action sex discrimination action was brought against the employer, and the litigation was bifurcated into a liability stage and a damage stage. At the conclusion of the liability stage, the court found that the employer had unlawfully discriminated against its female employees. During the damage phase of the trial, the court noted that pursuant to Rule 23(d)(2), notice was to be given to the class members, and ruled that all "costs of notification are, of course, to be borne by Western." *Id.* at 1144.

In *Meadows v. Ford Motor Co.,* 62 F.R.D. 98 (W.D.Ky.1973), the trial court had made a previous determination that a plaintiff class was entitled to injunctive relief prohibiting an employer from engaging in discriminatory employment practices. The court noted that as "to the expense of notifying the members of the class, it has generally been held that the initial cost must fall upon the plaintiff. However, this is true since usually the identity of the class and its notification are accomplished early during the proceedings, where there is strong doubt that the plaintiff will prevail. In the instant case, the class action order has come very late in the proceedings, and at a time when the Court has already determined that the plaintiff and the members of the class are entitled to recover on their demands for injunctive relief. Therefore, the expense of sending the class action notices out must be borne by the defendant." *Id.* at 102. The court in *Meadows* noted that trial courts should not assess the cost of class action notices against the defendant on the basis of speculation as to the outcome of the action. The *Meadows* court stated that in "the instant case, the court is not guessing as to the outcome of the action, but has already formulated the outcome and determined it. Only details as to the method of perfecting the remedies available to the plaintiff, insofar as hiring goes, remain to be accomplished by the Court." *Id.*

Similarly, in *Ostapowicz v. Johnson Bronze Co.,* 54 F.R.D. 465 (W.D.Pa.1972), a class action sex discrimination suit, the trial court noted that after three days of hearings on plaintiff's motion for preliminary injunction, the court had reached the conclusion that the plaintiff had established at least a prima facie case, and, therefore, it was a proper case for dividing the costs of notice equally between plaintiff and defendant. *Id.* at 467. Even after *Eisen,* the

---

**2.** In *Oppenheimer Fund, Inc.,* the Supreme Court held that where a defendant in a class action can perform one of the tasks necessary to send notice under Rule 23(d) more efficiently with less difficulty or expense than could the representative plaintiff, the District Court has discretion to order the defendant to perform the function. *Oppenheimer Fund, Inc., supra,* 98 S.Ct. at 2392. In such a situation, the "district court must exercise its discretion in deciding whether to leave the cost of complying with its order where it falls, on the defendant, or place it on the party that benefits, the representative plaintiff." *Id.* 98 S.Ct. at 2393. A district court exercising its discretion under Rule 23(d) "should be considerably more ready to place the costs of the defendant's performing an ordered task on the representative plaintiff, who derives the benefit, than under Rule 26(c). In the usual case, the test should be whether the expense is substantial, rather than, as under Rule 23(c), whether it is 'undue'." *Id.*

*Ostapowicz* decision "is still viable precedent for cost sharing, even without fiduciary ties." 2 H. Newberg, *Class Actions* 60 (1977).

In requiring the Highway Commission to bear the expense of notice, this Court is aware that "[a]lthough in some circumstances the ability of a party to bear a burden may be a consideration, the test in this respect normally should be whether the cost is substantial; not whether it is 'modest' in relation to ability to pay." *Oppenheimer Fund, Inc., supra,* 98 S.Ct. 2395. In the present case, the decision of the Court to shift the burden of notice costs to the defendant is not based on the Highway Commission's ability to pay. Rather, the Court believes the Highway Commission should bear the expenses because the liability of the Commission has been established, and because of the substantiality of the cost involved, approximately $500–$800.

Accordingly, it is hereby

ORDERED that pursuant to Rule 23(d)(2), the representative plaintiffs are to send individual notice to class members whose names and addresses are known. Class members are to be advised that a class action is pending in which the Missouri State Highway Commission was found to have discriminated against women in hiring opportunities, and that they have the opportunity to obtain individual relief. The class members are also to be advised that there will soon be a second stage to the litigation, at which time the Court will determine the monetary and other relief to be awarded to the class members, and that plaintiffs who fail to participate in this stage of the litigation will be barred from instituting a later suit. Compliance with this order may be achieved by the mailing of a copy of "Appendix A—Notice to Class Members" to those class members whose names and addresses have been ascertained. *See Craik v. Minnesota State University Board,* 731 F.2d 465, 484 n. 21 (8th Cir., 1984) (once liability is established in bifurcated class action sex discrimination case, the trial court should require the parties to notify all class members so that they may present their claims). *See also. Kyriazi v. Western Electric Co.,* 465 F.Supp. 1141 (D.N.J.1979), *aff'd* 647 F.2d 388 (3d Cir.1981) (nature of content of individual notice to class members after liability is established in bifurcated trial). *See generally Ahrens v. Thomas,* 570 F.2d 286 (8th Cir.1978); *In Re Nissan Motor Corp. Antitrust Litigation,* 552 F.2d 1088 (5th Cir. 1977); *Oscar Gruss & Son v. Geon Industries, Inc.,* 89 F.R.D. 32 (D.N.Y.1980). It is further

ORDERED that the Highway Commission shall bear the cost of the individual notice.

In order to ascertain the addresses or locations of class members so that individual notice is possible, it is hereby

ORDERED that the Highway Commission bear the cost of notice to class members published in those newspapers and on those dates mutually agreed to by the parties. It is further

ORDERED that the Highway Commission is to establish a fund in the amount of $300.00 to pay for telephone costs incurred in the process of locating class members. Plaintiffs' counsel are to render an itemized accounting for the disbursements from this fund on or before June 1, 1984.

### APPENDIX A—NOTICE TO CLASS MEMBERS

TO: Class Members

RE: Sex Discrimination Action Against the Missouri Highway and Transportation Commission

All individuals who were previously determined to be members of the class of plaintiffs in this litigation should read this notice carefully. By order dated August 9, 1982, the Court certified the class to include all women who applied or who might have applied for a maintenanceman position in District Eight of the Missouri Highway and Transportation Commission between January 1, 1975 and the last day of May, 1980.

The issue of the liability of the Highway Commission has been tried by the United States District Court for the Western District of Missouri, and on December 5, 1983, the Court found that the Highway Commission had engaged in a pattern and practice of sex discrimination in violation of federal law. It was found that the class was discriminated against in the following ways:

1. *The Interview Process.*—The employment interviews in District Eight for the maintenanceman position consistently were conducted in a manner designed to discourage and intimidate female applicants.

2. *The Unregulated Hiring Process.* —Due to the absence of guidelines to regulate the selection process, the hiring decisions in District Eight were arbitrary and subjective, and as a result the hiring standards that were applied to female applicants were not the same as those applied to males.

3. *Word-of-Mouth Recruiting.*—The Highway Commission's failure to publicize job vacancies and its reliance on word-of-mouth recruiting resulted in a disproportionate effect on the number of females who applied and were hired for the maintenanceman position.

The Court has completed the first stage of this lawsuit by finding that the Highway Commission discriminated against women in District Eight. There will soon be a second stage to this litigation, at which time the Court will determine the monetary and other relief to be awarded to the individual class members. Class members who fail to participate in the relief stage of this litigation will be barred from instituting a later suit. The class is represented by attorneys Karen Plax and Lisa Van Amburg. If you desire additional information, please contact the class attorneys below:

Karen Plax
8800 Blue Ridge Blvd.
Suite 206
Kansas City, Missouri 64138
(816) 765-9700

Lisa Van Amburg
1221 Locust Street
Suite 250
St. Louis, Missouri 63103
(314) 621-2626