**COUNCIL ON SOCIAL WORK EDUCATION, INC., et al., Plaintiffs,**

**v.**

**TEXAS INSTRUMENTS INCORPORATED, et al., Defendants.**

**Civ. A. Nos. 3–83–1083–H, CA–3–83–1167–H, CA–3–83–1204–H and CA–3–83–1373–H.**

United States District Court, N.D. Texas, Dallas Division.

Feb. 14, 1985.

Jr., J. Fred Bucy, Marvin M. Lane, Jr., and James L. Fischer.

## MEMORANDUM OPINION
## AND ORDER

SANDERS, District Judge.

This case is before the Court on Defendant Texas Instruments' Memorandum in Support of Order Defining Class, filed February 4, 1985, and the Memorandum of Certain Class Members Regarding the Efficacy of Their Requests for Exclusion, filed February 4, 1985.

In the fall of 1984, the parties in this securities fraud litigation reached a tentative settlement of the matters in controversy. A Stipulation of Settlement was filed October 5, 1984, and this Court signed an agreed Hearing Order submitted by the parties on the same date.

Pursuant to the Hearing Order, this case was to proceed as a class action under Rule 23(b)(3), Fed.R.Civ.P., on behalf of individuals who traded in the stock and options of Texas Instruments during a certain period. As required by Rule 23(c)(2), provision was made for notice to the members of the class. Rule 23(c)(2) reads:

Lowey, Dannenberg & Knapp, P.C., Burton L. Knapp, New York City, for all plaintiffs and for plaintiff Council on Social Work Educ., Inc.

Berger & Montague, P.C., Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., for plaintiff Cramel Group, a Partnership.

Kilgore & Kilgore, Dallas, Tex., Stull, Stull & Brody, New York City, for plaintiff Joshua Teitelbaum.

Newman, Shook & Newman, P.C., Dallas, Tex., for plaintiffs Council for Social Work Educ., Inc. and Cramel Group, a Partnership.

Susman, Godfrey & McGowan, Houston, Tex., Lawrence Walner & Associates, Ltd., Harvey Walner & Associates, Ltd., Chicago, Ill., for plaintiff Russell Jensen.

Morris Harrell, Michael V. Powell, George C. Lamb III, Rain Harrell Emery Young & Doke, Dallas, Tex., Henry R. King, Bartlett H. McGuire, Davis, Polk & Wardwell, New York City, for defendants Texas Instruments Inc., Mark Shepherd,

> In any class action maintained under subdivision (b)(3), the court shall direct members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. *The notice shall advise each member that (A) the Court will exclude him from the class if he so requests by a specified date;* (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel. (emphasis added).

The Hearing Order, at 8, stated:

5. Any class member wishing exclusion from this Class shall mail a request for exclusion ("Request for Exclusion") to the post office box to be maintained by counsel for Plaintiffs as provided below,

postmarked not later than forty-five (45) days after the initial mailing of the Notice.

Such request shall set forth: (i) the name, address and telephone number of the Class member; (ii) the type, number or amount and dates of trade of TI stock or options on TI stock during the Class Period, including subsequent dispositions of such positions in stock or options and (iii) the name and address of the person in whose name the stock was registered or in the case of trades in options, the name of the person in whose account the option was traded. Any Request for Exclusion shall be deemed to have been made in each and every capacity in which the person requesting the exclusion is acting. Any Class member who does not timely request exclusion shall be included in the Class and be bound by any judgment entered pursuant to the terms hereof.

Notice to the members of the class, containing the same language, was initially mailed on November 15, 1984. *See* Affidavit of Neil L. Selinger, filed January 2, 1985, Exhibit 3. Timely requests for exclusion thus needed to bear a postmark on or before December 31, 1984. Eight timely-filed requests for exclusion, complying in all respects with the Hearing Order, were received by the administration agent retained in connection with the settlement. Affidavit of Neil L. Selinger, filed January 7, 1985. Additionally, requests for exclusion were timely received from certain individuals and entities that will be referred to as the "Chicago traders".[1] These requests contained the requester's names and addresses, but did not contain the data concerning trading activity. Instead, the requests contained the statement that the individuals "hereby object to that portion of the Notice that requires them to answer interrogatories and provide documents". These requests were not treated as valid requests for exclusion by Plaintiffs. Sel-

inger Affidavit of January 7 at 4. No response was made to the "objections" to the Notice. Accordingly, the parties submitted for the approval of the Court a proposed Order Defining Class, which purported to include the Chicago traders.

On January 16, 1985, the Chicago traders filed their own lawsuit against Texas Instruments and others in the United States District Court for the Northern District of Illinois. On January 18, 1985, this Court conducted a hearing on the class settlement, at which counsel for the Chicago traders appeared. The Court noted the existence of the dispute, but, at the urging of the parties, expressly abstained from ruling on it at that time. *See* Transcript at 25–26. This issue is now sufficiently ripe for decision.

The Chicago traders contend that no formalities such as those purportedly required by the Hearing Order can be imposed on individuals who seek exclusion from a class. The Court agrees.

The class action device formalized in Rule 23 provides a powerful mechanism for collective resolution of legal claims. *See generally* Miller, *An Overview of Federal Class Actions: Past, Present and Future,* 4 Just.Sys.J. 197 (1978). Particularly, when dealing with the so-called "damage" class action under Rule 23(b)(3), the procedure gives an opportunity to redress a multitude of small claims that would otherwise be uneconomical to litigate. In exchange for this opportunity, class members are asked to surrender the chance to conduct their own lawsuit and enjoy their own "day in court".

The right to a "day in court" is, of course, of constitutional dimensions, and there are an array of valid reasons why a prospective class member would choose to decline the class invitation. Most obviously is one's speculation that one's own claim would fare better in litigation or settlement

---

1. Specifically, Joseph Bianco, James P. Butler, Donald S. Finkelman, Four Way Securities Corp., Sheldon Jospey, K & E Co., Ronald Engel, Gary Knight, John D. Moffat, Maurice Perl-stein, Jr., Options Investors Limited, John Wingstrom, Judith Wingstrom, Zilly Options, Anne Zilly and Mark Zilly.

on its own. One may also wish to escape from a class for reasons wholly unrelated to the viability of a claim, such as fear of the judicial process or receiving future bills for attorneys' fees. For whatever reason, the right to bring or not to bring one's own case to court is an absolute right that can only be infringed after giving an adequate opportunity to exercise it. *See DeGier v. McDonald's Corp.*, 76 F.R.D. 125, 127 (N.D.Cal.1977).

The decision to be in or out of a class is solely the decision of the one whose rights are to be foreclosed by class litigation. It need not be approved or declined by others. Indeed, the exclusion request is a statement that one does not wish to authorize someone else to act on one's behalf. *See In re Armored Car Antitrust Litigation*, 645 F.2d 488, 493 (5th Cir.1981). It need only be sufficiently unequivocal and timely to be counted.

■ On several occasions, courts have passed on the issue of whether some particular action by an individual constituted an adequate request for exclusion. The Tenth Circuit in *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288 (10th Cir. 1974), held that a class member that filed a request for exclusion after the deadline, but had made various previous inquiries and statements during the exclusion period, had indicated a desire to opt out and should be permitted to do so. The court explicitly rejected "a rule that in order to opt out, the request must be explicit." Further,

> we consider [the examination of whether notice was communicated] to be the correct judicial approach to the problem since we are not construing a will, a deed or a contract. A reasonable indication of a desire to opt out ought to be sufficient ... [f]lexibility is desirable in determining what constitutes an expression of a class member's desire to exclude himself and any written evidence of it ought to be sufficient.

*Id.* at 1291.

In *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62 (N.D.Cal.1976), the court held that various parties had ef-fectively opted out of a class by filing their own lawsuit against the class action defendants, even though they had not filed a formal, written exclusion request:

> The serious due process implications of holding an absent class member bound by a class adjudication demand that we look beyond formalistic procedures to evaluate whether a class member has reasonably expressed a desire to be excluded from a class suit.... [N]o reasonable person could view their conduct as expressing a desire to participate in the proposed settlement.

*Id.* at 70–71. *Accord Bonner v. Texas City Independent School District*, 305 F.Supp. 600, 617 (S.D.Tex.1969).

The clear theme of these cases is that "considerable flexibility" should be used in determining what constitutes an effective request for exclusion. 2 Newberg, Class Actions § 2475r (1977). Any written evidence of the desire to exclude oneself should suffice. 7A Wright and Miller, *Federal Practice and Procedure:* Civil § 1787 (1972). *See also Plummer v. Chemical Bank*, 668 F.2d 654, 657 n. 2 (2d Cir.1982) ("Any reasonable indication of a desire to get out should suffice.").

■ It is undisputed that the Chicago traders gave timely and unequivocal notice of their desire to opt out. Defendant argues, however, that their expressed desire should be overridden by their refusal to provide the trading information specified by the Hearing Order. The authorities discussed above foreclose this argument. Neither the parties nor the Court may evaluate the sincerity, motivations or acceptability of a timely request for exclusion. *See Sunrise Toyota, Ltd. v. Toyota Motor Co.*, 17 Fed.R.Serv.2d 132, 135 (S.D.N.Y. 1973).

An instructive analogy can be drawn to the cases that have addressed the issue of whether a 23(b)(3) class action notice may be accompanied by a proof of claim form. Requiring the provision of such information by class members at the point of certification to remain *in* a class has been re-

**72**

peatedly held to be a "clear abuse of discretion". *Bisgeier v. Fotomat Corporation,* 62 F.R.D. 118, 119 (N.D.Ill.1973). *See also Robinson v. Union Carbide Corp.,* 544 F.2d 1258, 1261 (5th Cir.1977), *cert. denied,* 434 U.S. 822, 98 S.Ct. 65, 54 L.Ed.2d 78 (1977); *Sirota v. Econo-Car International, Inc.,* 61 F.R.D. 604 (S.D.N.Y.1974); Manual for Complex Litigation (Part 1.45) (1981) (supplement to C. Wright & A. Miller, *Federal Practice and Procedure* ). If information concerning the claims of those remaining in the class action is not required until necessary for adjudication, *see Robinson, supra,* the Court can see no justification for the imposition of such burdens on one who seeks to press no claim against the defendant.

There certainly are benefits to the parties to be derived from the trading information. The potential amount of claims not foreclosed by a settlement may have some bearing on the evaluation of whether to proceed with the litigation of a class action. The Chicago traders may well have had the time and resources to provide the information, but other individuals in other contexts may not.

The same result, with greater accuracy, can be obtained by awaiting the conclusion of the exclusion period and seeking discovery from the non-excluded, absent class members. Even this discovery, though, requires heightened showings of need. *In re Folding Carton Antitrust Litigation,* 83 F.R.D. 260, 264 (N.D.Ill.1979).

The Chicago traders seek nothing more than to be uninvolved in this case. The exclusion mechanism protects one's right to be uninvolved. It would be perverse, unsound and perhaps unconstitutional to establish a prerequisite of involvement before one can be permitted to be uninvolved.

Defendant presents several instances in which various courts have entered notice orders containing comparable provisions purporting to require opters-out to provide trading information. None of these orders present any basis for enforcing such requirements, nor confront or resolve any challenges to the requirement. These elaborate orders are routinely prepared by counsel, often without contest. It would be unrealistic to consider the use of such provisions as a determination of their propriety.

Accordingly, the Court is of the opinion that the requests for exclusion from the class on behalf of the Chicago traders are effective.

Pursuant to ¶ 13 of the Stipulation of Settlement, Defendant Texas Instruments was entitled to withdraw from the settlement if a substantial number of the members of the Class elected to be excluded. As Defendant's initial decision not to withdraw was based on the inclusion of the Chicago traders in the class, *see* McGuire letter, filed January 17, 1985, Defendant is given an additional fourteen (14) days from the date of this Order for consideration of the exercise of the right to withdraw under the stipulation.

SO ORDERED.

