### UNITED STATES v. NORTHERN PAC. RY. CO.

Civil Action No. 233.

District Court, D. Minnesota, Sixth Division.

March 11, 1944.

Victor E. Anderson, U. S. Atty., and Stanley V. Jacobson, Asst. U. S. Atty., both of St. Paul, Minn., for the United States.

Frederic D. McCarthy, Asst. Gen. Counsel, of St. Paul, Minn., for Northern Pac. Ry. Co.

JOYCE, District Judge.

For the purpose of deciding whether the court has power to relieve the defendant from the payment of costs to plaintiff, the parties in this case have stipulated the following facts:

"(1) That defendant has violated the provisions of the Federal Safety Appliance Acts in all respects as alleged in the complaint;

"(2) That defendant is ready and willing to pay to plaintiff the penalty provided by law, that is, $100.00 for each violation, a total of $800.00."

The question resolves itself into an interpretation of the statute pertaining to costs in prosecutions of the character here involved, which reads:

"When judgment is rendered against the defendant in a prosecution for any fine or forfeiture incurred under a statute of the United States, he shall be subject to the payment of costs; and on every conviction for any other offense not capital, the court may, in its discretion, award that the defendant shall pay the costs of the prosecution." 28 U.S.C.A. § 822.

The offenses involved come within the purview of the first clause of this statute, and it is defendant's contention that the assessment of costs against it is discretionary with the court because the words "subject to" appearing therein may be treated as granting the court permissive authority in the matter of such assessment.

I do not agree with this theory. It seems clear to me that Congress by separately treating the two classes of cases intended a distinction to be made between

them by specifically creating liability for costs on the one hand and on the other granting the court discretion as to their assessment. The word "subject", like many other words in the English language, has various meanings and the meaning most suited to the context must be chosen in determining what the intent of the legislative body was. It is my view that the appropriate meaning of the words "subject to" as used in this statute is the one which suggests that the defendant is "liable or responsible for" payment of costs where, as is the case here, the Government prevails. I am in accord with the District Court of Alaska in the case of United States v. Thlinket Packing Co., 1918, 6 Alaska 117, wherein the statute involved was analyzed as follows:

"Section 1615, U.S.Compiled Statutes [28 U.S.C.A. § 822] (U.S.R.S. § 974 [this section]), provides, as to costs in criminal prosecutions, for two classes of cases: (1) Judgments, in prosecutions, for fine or forfeiture. (2) Judgments in all other cases not capital. It is provided in said section that in the first class of cases the defendant 'shall be subject to payment of costs,' and in the second class of cases that 'the court may, in its discretion, award that the defendant shall pay the costs of the prosecution.' The words 'shall be subject to the payment of costs,' used in connection with the first class of cases, are in apposition to the words used in connection with the second class of cases, to wit, 'the court may, in its discretion, award that the defendant shall pay the costs of the prosecution,' and can, I apprehend mean nothing else but that in the first class of cases costs follow the judgment as of course, and in the second class of cases their award is discretionary with the court. The matter in hand is in the first class of cases, and I am constrained to hold that the costs of prosecution follow the judgment as a matter of course, without the necessity of any special award."

Counsel for defendant points to a long list of cases in this court similar in character in which no costs were assessed, though no instance is mentioned wherein the matter was ever called to the court's attention or a ruling sought on the question here presented. I do not believe that under the circumstances the Government is foreclosed from seeking costs or that the court has power to relieve the defendant from the payment thereof.