## UNITED STATES v. ERIE R. CO.
### No. 11518.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 1952.

Leo Meltzer, Washington, D. C., James M. McInerney, Washington, D. C., John J. Kane, Jr., Cleveland, Ohio, Gerald P. Openlander, Toledo, Ohio and Leo Meltzer, Washington, D. C., on the brief, for appellant.

Robert M. Weh, Cleveland, Ohio, Burgess, Fulton & Fullmer, Robert M. Weh and Charles A. Baker, Cleveland, Ohio, on the brief, for appellee.

Doyle, Lewis & Warner and D. L. Sears, Toledo, Ohio, amicus curiae on the brief, for New York Cent. R. Co.

Before ALLEN, McALLISTER and MILLER, Circuit judges.

### PER CURIAM.

The sole question involved in this appeal is whether the appellant was entitled, as a matter of right, to taxation of a docket fee in its costs upon the entry of a judgment for penalties provided under the Safety Appliance Acts, 45 U.S.C. §§ 1–16, 45 U.S.C.A. §§ 1–16. The appellee confessed the facts alleged in the complaint and a stipulation for the entry of judgment for $1,300 and costs was placed on the record. Appellant filed the bill of costs required under the statute including an attorney's docket fee of $20. The Clerk, under instructions from the District Court, allowed all items of costs except the docket fee. Appellant moved for an order retaxing the costs and including the docket fee. From the order of the District Court denying the motion this appeal is prosecuted.

The District Court held that the taxing of docket fees under 28 U.S.C. § 1923(a) is discretionary with the court and that such fees should not be taxed as costs upon the entry of a consent or default judgment.

Appellant contends that this decision runs counter to the express provision of 28 U.S. C. § 1918(a) which reads:

"(a) Costs shall be included in any judgment, order, or decree rendered against any person for the violation of an Act of Congress in which a civil fine or forfeiture of property is provided for."

■ This action to recover penalties under 45 U.S.C. §§ 1–16, 45 U.S.C.A. §§ 1–16, clearly is one in which a civil fine is provided for. United States v. Southern Pacific Company, C.C., 172 F. 909, 911. The question is squarely presented whether Section 1918(a) prohibits the disallowance of the docket fee by the District Court.

In its conclusion the District Court relied upon the wording of Section 1923(a) which provides:

"(a) Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:

"$20 on trial or final hearing in civil, criminal or admiralty cases * * *."

This section, enacted in 1948, is a consolidation of Sections 571, 572 and 578 of Title 28. Section 571 formerly provided:

"The following fees and no other shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, and to district attorneys, except in cases otherwise expressly provided by law. * * *"

As a part of the fees referred to in Section 571, Section 572 listed:

"On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of $20: * * *."

The District Court, construing these statutes, held that the Congress in 1948 intentionally changed the wording of former Section 572 to make allowance of the taxable costs permissive.

Also pertinent in this connection is 28 U.S.C. § 1920 which provides:

"A judge or clerk of any court of the United States may tax as costs the following:

"(1) Fees of the clerk and marshal;

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

"(3) Fees and disbursements for printing and witnesses;

"(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

"(5) Docket fees under section 1923 of this title.

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

Prior to the enactment of this section in the 1948 revision the statute which preceded it 28 U.S.C. § 830, 1940 edition, had provided that the costs

"shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. * * *"

Thus, Section 1920 in its present form substitutes the permissive for the mandatory term.

 Appellant, in effect, contends that Section 1918(a) conflicts with Section 1923 (a) and is controlling. But there is no conflict between these statutes. Section 1918 (a) provides that costs shall be included in judgments, orders, or decrees described in the section. Costs were included in the judgment herein and Section 1918(a) was complied with. Section 1923(a) and Section 1920 deal with the items which may be taxed in the costs and clearly grant to the court as discretion as to what items shall be taxed. Under these express provisions the District Court was authorized, in the exercise of a sound discretion, to disallow certain items of costs. Cf. United States v. Bowden, 10 Cir., 182 F.2d 251. It is not contended here that the discretion was abused.

The judgment of the District Court is affirmed.