**UNITED STATES of America, Plaintiff,**

**v.**

**CHICAGO, ST. PAUL, MINNEAPOLIS AND OMAHA RAILWAY COMPANY, Defendant.**

**Civ. No. 5037.**

United States District Court
D. Minnesota, Fourth Division.

June 6, 1955.

George E. MacKinnon, U. S. Atty., and Harold C. Evarts, Asst. U. S. Atty., St. Paul, Minn., for United States.

. Gerald F. Fristensky and George H. Henke, St. Paul, Minn., for defendant.

NORDBYE, Chief Judge.

A stipulation for judgment was entered into and in pursuance of the stipulation, judgment has been entered. The question presented is whether Section 1918(a), Title 28, U.S.C.A., requires the Court to enter as costs in such judgment the attorneys' docket fees, provided for under Section 1923 of this title. Section 1918(a) reads:

"Costs shall be included in any judgment, order, or decree rendered against any person for the violation of an Act of Congress in which a civil fine or forfeiture of property is provided for."

That the allowance of costs in civil cases is within the sound discretion of the Court is universally recognized. Section 1920, Title 28, U.S.C.A., provides for the taxation of costs in civil cases and clearly grants to the Court discretion in determining which items shall be taxed as costs. Does Section 1918(a) purport to place the United States in a more favorable position than other civil litigants as to costs in proceedings where the United States obtains judgment for a civil fine or forfeiture of property? It is argued that, under Section 1918(a), costs are mandatory, and under Section 1918(b), which provides

"Whenever any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution."

costs are discretionary. United States v. Northern Pacific R. Co., D.C., 54 F.Supp. 843. In a sense this is true. Costs do follow as a matter of course under Section 1918(a). Costs do not follow as a matter of course in criminal cases under Section 1918(b). However, it does not necessarily follow that in proceedings such as we have here the Court has no discretion in determining *what* costs shall be allowed. The specific items of costs as outlined in Section 1920 necessarily require the exercise of the Court's discretion. Surely, it cannot be soundly urged that in every proceeding under the Safety Appliance Act the Court has no discretion in the allowance of fees for stenographic transcripts and printing expense, for instance. The fact that docket fees are in a liquidated amount under Section 1923 does not differentiate that item of costs from any other item listed in Section 1920, except that in some proceedings the disallowance of docket fees might be considered an abuse of discretion, while the propriety of allowing or disallowing printing and stenographic fees may be items as to which the Court has broader discretion. Section 1918(a) is a revision of the first sentence of former Section 822, Title 28, U.S.C.A., which read:

"When judgment is rendered against the defendant in a prosecution for any fine or forfeiture incurred under a statute of the United States, he shall be subject to the payment of costs; and on every conviction for any other offense not capital, the court may, in its discretion, award that the defendant shall pay the costs of the prosecution."

The revisers of this statute merely made changes in phraseology in the 1948 revision. It seems reasonably clear that, in using the phrase "Costs shall be included in any judgment, * * *" the revisers did not intend to divest the Court of its discretion in determining what costs should be allowed. Rather, the intention was to make it clear that the penalty under the statute was not the only onus of a violation, and the Court should include in the civil fine to be paid the costs which are allowed. But the amount of the costs and the kind of costs to be allowed nevertheless are for the Court to determine. This view is in harmony with the recent decision of United States v. Erie Railroad Co., 6 Cir., 200 F.2d 411, but that case does depart from a construction by this Court of Section 822, Title 28, U.S.C.A., in United States v. Northern Pacific R. Co., supra.

But although I conclude that the Court is vested with discretion in determining what costs should be allowed in a proceeding of this kind, I am constrained to hold that docket fees are a proper item of costs. Their allowance has been a common practice in this District for many years. Granted that there is substance to defendant's position that the policing of carrier cars and locomotives as to compliance with the Safety Appliance Act presents a difficult task, that intentional violations rarely occur, and that most of the cases are disposed of as here by a stipulation for judgment after proceedings have been instituted. On the other hand, Section 1918(a) recognizes that, in addition to the civil fine or penalty imposed for violation of an Act of Congress, costs shall be included in the judgment and that Congress did not intend that the penalty should be the only punishment to be imposed upon a violator. I am not persuaded that the courts should depart now from the practice in this District as to costs in proceedings under the Safety Appliance Act.

It follows from the foregoing that the docket fees may be taxed as costs herein. It is so ordered. An exception is allowed.