**UNITED STATES of America**

v.

**INDIANA HARBOR BELT RAILROAD COMPANY.**

Civ. No. 3112.

United States District Court
N. D. Indiana,
Hammond Division.

Sept. 25, 1962.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., for plaintiff.

Crumpacker, Burbach & Abrahamson, Hammond, Ind., for defendant.

BEAMER, District Judge.

This is an action under the Safety Appliance Acts, 45 U.S.C.A. §§ 1–16 (1962 Cum.Supp.), against the Indiana Harbor Belt Railroad Company for improper maintenance of "sill" steps on one of its cars. The railroad, by "Admissions in Lieu of Answer," admitted liability under the Act. Upon Defendant's admissions, the Court found for the plaintiff and entered judgment against Defendant in the sum of $250.00 and costs. The railroad objected to the taxing as costs attorney's docket fees in the amount of $20.00 prescribed for in 28 U.S.C.A. § 1923(a) (1962 Cum.Supp.), and filed a Motion to Disallow the taxing of docket fees.

It is the contention of the Government that in all Safety Appliance Act cases, allowance of the docket fee is a proper item of costs to which the Government is entitled whether the case is contested or confessed.

Defendant argues that the taxing of attorney's docket fees is wholly discretionary with the Court, and as a matter of sound policy attorney's docket fees should not be taxed as costs against the Defendant when they admit liability without the necessity of trial inasmuch as they have never had that opportunity until the action was filed.

The Court agrees with Plaintiff that it has authority to award all statutory

costs, including the docket fee, to the Government. See 28 U.S.C.A. §§ 1920, 1923; Federal Rules of Civil Procedure, Rule 54(d), 28 U.S.C.A.; United States v. Chicago, St. Paul, Minneapolis & Omaha Railway Co., 133 F.Supp. 76 (D.C.Minn., 1955). However, while costs follow judgment as of course under § 1918(a), the Court under §§ 1920 and 1923 has discretion to decline to award as costs items dealt with by those sections. United States v. Erie R. Co., 200 F.2d 411 (C.A. 6th, 1952). Sections 1920 and 1923 read in part:

"§ 1920 * * * A judge or clerk of any court *may* tax as costs the following: * * *

"(5) Docket fees under · section 1923 of this title."

" § 1923 * * * (a) Attorney's and proctor's docket fees in courts of the United States *may* be taxed as costs * * *."

Both sections are couched in permissive, not mandatory language.

Taxation of docket fees was litigated under similar facts in the Erie case. The sole question involved in that case was whether the Government was entitled, as a matter of right, to taxation of a docket fee in its costs upon the entry of a judgment for penalties provided under the Safety Appliance Acts. The Sixth Circuit Court of Appeals held that:

"Section 1923(a) and Section 1920 deal with the items which may be taxed in the costs and clearly grant a discretion to the court as to what items shall be taxed. Under these express provisions the District Court was authorized, in the exercise of a sound discretion, to disallow certain items of costs." (at p. 412).

The court then affirmed an allowance of all items of costs except the docket fee of $20.00, which the District Judge declined to award on the entry of a consent judgment.

The Government cites United States v. Chicago, St. Paul, Minneapolis & Omaha Railway Co., 133 F.Supp. 76 (D.C.Minn., 1955) in support of its position that docket fees should be awarded. However, in taxing docket fees, the Court there stated,

"This view is in harmony with the recent decision of United States v. Erie Railroad Co." (at p. 77, and cited supra.)

and went on to hold:

"But although I conclude that the Court is vested with discretion in determining what costs should be allowed in a proceeding of this kind, I am constrained to hold that docket fees are a proper item of costs. Their allowance has been a common practice in this District. for many years." (at p. 77).

Thus, even though the Court recognized its discretionary power to tax docket fees, agreeing with United States v. Erie Railroad, supra, docket fees were assessed because of the practice in that District as to costs in proceedings under the Safety Appliance Acts. Neither the Court of Appeals for the Seventh Circuit nor this Court has had the opportunity to pass upon such a question.

In the present instance, Defendant is faced with the difficult task of policing carrier cars and locomotives in compliance with the Safety Appliance Acts. It is recognized that intentional violations rarely occur, and that most of the cases are disposed of, as here, by an admission of liability, confession of judgment, or stipulation for judgment after proceedings have been instituted. See United States v. Chicago, St. Paul, etc., supra, at p. 77. Unlike other civil actions, Section 6 of Title 45 does not permit an unintentional violator of the Act to admit liability and settle or pay the amount due prior to commencement of the action. Costs are properly imposed upon defendants who have made a suit necessary by persisting in unjustifiable acts, Wisconsin v. Illinois, 281 U.S. 179, 50 S.Ct. 266, 74 L.Ed. 799 (1929), or who have unnecessarily enlarged or increased the cost of the contest. The Defendant is willing to pay the statutory penalty without pro-

longing litigation. It must bear some expense as a result of the violation, but no valid reason exists for taxing, in addition to other costs, a docket fee under these circumstances, there being no policy to the contrary in this District.

The Court hereby grants Defendant's Motion to Disallow the taxing of docket fees.

It is so Ordered.