**UNITED STATES of America,**
**Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY,**
**Defendant.**

**Civ. A. No. 2110.**

United States District Court
W. D. North Carolina,
Charlotte Division.

Dec. 20, 1967.

Joseph R. Cruciani, Asst. U. S. Atty., Charlotte, N. C., for plaintiff.

Hunter M. Jones, of Jones, Hewson & Woolard, Charlotte, N. C., for defendant, Southern Railway Co.

ORDER
AND
MEMORANDUM OF DECISION

WOODROW WILSON JONES, District Judge.

In an action brought by the United States against Southern Railway Company for penalties provided under the Safety Appliance Acts, 45 U.S.C.A. §§ 1–16, a judgment was rendered by the court upon a stipulation of the parties allowing the plaintiff to recover from the defendant "the sum of $250 and the costs of court". The Railway Company has petitioned the court for a review of the bill of costs as taxed by the clerk.

The sole question presented is whether the United States is entitled to have taxed and collected all statutory costs, including attorney's docket fee of $20 as provided under 28 U.S.C.A. § 1923(a) in cases where the judgment is based upon the consent of the parties.

28 U.S.C.A. § 1918(a) provides:

"Costs shall be included in any judgment, order, or decree rendered against any person for the violation of an Act of Congress in which a civil fine or forfeiture of property is provided for."

28 U.S.C.A. § 1920 reads as follows:

"A judge or clerk of any court of the United States may tax as costs the following:

\* \* \* \* \* \*

(5) Docket fees under section 1923 of this title."

28 U.S.C.A. § 1923(a) reads as follows:

"Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:

$20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases \* \* \*."

The petitioner contends that allowing the costs in addition to the civil penalty imposed by the Safety Appliance Acts, 45 U.S.C.A. §§ 1–16, would tend to increase the statutory penalty provided by the Congress. However, it is clear by the provisions of 28 U.S.C.A. § 1918(a) that Congress intended that the costs of court be charged and collected where any judgment, order or decree is rendered against any person for the violation of an act of Congress in which a civil fine or forfeiture of

property is provided for. United States v. Chicago, St. P. M. & O. Ry. Co., 133 F.Supp. 76 (D.C.Minn.1955).

The petitioner strongly contends that the court has no right to tax and collect the attorney's docket fee as a part of the costs since the statute provides that the court may assess and collect this additional cost "on trial or final hearing" and that the judgment rendered in this cause was a consent judgment and therefore not the result of a trial or a final hearing. A consent judgment is defined in 49 C.J.S. Judgments § 173, page 308 as:

"A judgment by consent of the parties is a judgment the provisions and terms of which are settled and agreed to by the parties to the action in which it is entered, and which is entered of record by the consent and sanction of the court."

In the case of United States v. Radio Corporation of America, 46 F.Supp. 654 (D.C.Del.1942) (appeal dismissed 318 U.S. 796, 63 S.Ct. 851, 87 L.Ed. 1161), the court said:

"A consent decree, although based upon an agreement of the parties rather than a finding of facts by the court, is not a mere authentication or recording of that agreement. It is a judicial act (United States v. Swift & Co., 286 U.S. 106, 115, 52 S.Ct. 460, 76 L.Ed. 999) and, therefore, involves a determination by the chancellor (court) that it is equitable and in the public interest."

The Court is of the opinion that the judgment entered in this cause upon a stipulation of the parties could not become a final disposition of this controversy until it had been considered, consented to, signed, and entered by the Court, and therefore holds that this was a "final hearing" for the purpose of assessment of costs.

Sections 1920 and 1923 were revised in 1948 by substituting the word "may" for the word "shall" in each section. This clearly indicates that the matter of taxing docket fees or other items listed in these two statutes is now a discretionary matter with the Court. United States v. Chicago, St. P. M. & O. Ry. Co., supra. United States v. Erie R.R. Co., 200 F.2d 411 (6th Cir. 1952).

The cases cited and relied upon by the petitioner were decided prior to the 1948 revision.

This Court is of the opinion that a consent judgment does constitute a final hearing within the meaning of the statute and the allowance of the attorney's docket fee as a part of the costs is within the discretion of the Court.

The Court, in its discretion, holds that the attorney's docket fee as taxed by the Clerk in this cause is a proper item of costs, and orders the same paid.