Slip Op. 00-03

# UNITED STATES COURT OF INTERNATIONAL TRADE

—————————————————————————

American Bayridge Corp.,                    **:**

              Plaintiff,          **:**       **Court No. 98-08-02682**
                                          **Before: Barzilay, Judge**

              v.                  **:**

United States of America,                  **:**

              Defendant.          **:**

—————————————————————————

[Application for attorney's fees denied.]

Decided: January 5, 2000.

Kirkland & Ellis (Kenneth G. Weigel, Paul F. Brinkman) for Plaintiff.
David W. Ogden, Acting Assistant Attorney General, Joseph I. Liebman, Attorney-in-Charge International
Trade Field Office, Commercial Litigation Branch, Civil Division, United States
Department of Justice (Barbara S. Williams, Aimee Lee), Allan Martin, Office of Associate Chief
Counsel, United States Customs Service (Louis Brenner Jr.), of counsel, for Defendant.

## OPINION AND ORDER

**BARZILAY, JUDGE:**

## I.  INTRODUCTION

This case involves an application for attorney's fees under the Equal Access to Justice Act

(28 U.S.C. § 2412 (1994)) and USCIT R. 68.  In Slip-Op. 98-166, familiarity with which is

presumed, the Court held that the United States Customs Service ("Customs") correctly classified

the disputed goods under heading 4407, HTSUS and found in favor of Defendant.  On the correct

interpretation of 19 U.S.C. § 1625, the Court found in favor of the Plaintiff.  The Federal Circuit

vacated the Court's classification decision and dismissed Plaintiff's appeal.  *See American Bayridge*

*Corp. v. United States*, No. 99-1228, 1999 U.S. App. LEXIS 26850, at * 1 (Fed. Cir. Oct. 26, 1999).

Since an appeal of the statutory interpretation issue was not filed, that portion of the Court's

judgment is unaffected by the Federal Circuit's decision.  Because the judgment relating to the

statutory interpretation issue was adverse to the Defendant, Plaintiff filed an application for

attorney's fees under 28 U.S.C. § 2412(d) in the amount of $78,588 on behalf of the entities who

funded the lawsuit.[1]  For the reasons that follow, the Court denies the application.

## II.  DISCUSSION

The Equal Access to Justice Act ("EAJA") provides that:

> a court shall award to a prevailing party other than the United States fees
> and other expenses, . . . incurred by that party in any civil action . . .
> including proceedings for judicial review of agency action, brought by or
> against the United States in any court having jurisdiction of the action,
> unless the court finds that the position of the United States was
> substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).   The EAJA is a waiver of sovereign immunity and as such must be

strictly construed.  *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-86 (1983); *see also Levernier*

*Constr., Inc. v. United States*, 947 F.2d 497, 502 (Fed. Cir.1991); *accord Sigma Corporation v.*

*United States*, 20 CIT 852, 856, 936 F. Supp 993, 997 (CIT 1996);*Inner Secrets/Secretly Yours, Inc.*

*v. United States*, 20 CIT 210, 213, 916 F. Supp 1258, 1261 (1996); *United States v. Modes, Inc.*,

18 CIT 153, 154 (1994).

In arriving at a determination of whether to award fees, the court must engage in a two part

analysis.  First the court must decide whether the party applying for fees prevailed in the action.  A

---

[1]  According to Plaintiff, they are the National Lumber and Building Material Dealers Association ("NLBMDA"), the Canadian Wholesale Lumber and Remanufacturing Association ("CWLRA"), and Buchanan Lumber Sales, Inc. ("Buchanan").

prevailing party must have obtained the benefit of some of the relief it sought in the suit even though a victory on all claims is not required. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

If the court determines that the applicant prevailed, the government must demonstrate that its position, both at the agency level and throughout the litigation was substantially justified, or that special circumstances make an award unjust. *See Covington v. Department of Health & Human Services*, 818 F.2d 838, 839 (Fed. Cir. 1987); *accord Traveler Trading Co. v. United States*, 13 CIT 380, 381, 713 F. Supp. 409, 411 (1989). Courts have been cautioned to avoid a reflexive finding that because the government lost on the merits its position was not substantially justified. *See* H.R. Rep. No. 96-1418, at 11, (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4990 ("The standard . . . should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case."); *see also Broad Ave. Laundry & Tailoring v. United States*, 693 F.2d 1387, 1391 (Fed. Cir. 1982). Thus, every case must be decided on the law and its unique facts.

The applicants claim that they are prevailing parties within the meaning of the EAJA because they obtained relief on the statutory interpretation issue. The government contends that the applicants are not, nor could they have been, real parties in interest because the rules of this court and its jurisdictional statute limit the real party in interest in a classification case to the importer of record or a surety to the transaction. *See* 28 U.S.C. § 2631(a) (1994). Therefore, the government contends that only American Bayridge Corporation, in whose name the action was prosecuted would be entitled to an award of fees.[2] Additionally, the Declaration of Kenneth G. Weigel states that the NLBMDA, the CWLRA and Buchanan had a net worth of less than $7,000,000 and fewer than 500

---

[2] The USCIT Form 13, "Disclosure of Corporate Affiliations and Financial Interest" filed by Plaintiff in this case which requires disclosure of the real party in interest if different from the named Plaintiff, does not indicate any real parties in interest beside American Bayridge Corporation.

employees in 1998. Absent from the declaration is any mention of American Bayridge Corporation's net

worth or number of employees.

The EAJA does not define the term "party," except to include for eligibility:

> any owner of an unincorporated business, or any partnership,
> corporation, association, unit of local government, or organization,
> the net worth of which did not exceed $7,000,000 at the time the civil
> action was filed, and which had not more than 500 employees at the time
> the civil action was filed . . . .

28 U.S.C. § 2412(d)(2)(B). The legislative history notes that Congress intended "party" to be

identical both for the EAJA and its equivalent in the Administrative Procedure Act, 5 U.S.C. § 504

(1994). *See* H.R. Rep. No. 96-1418, at 18, (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4997. The

relevant provision of the Administrative Procedure Act defines party as "a person or agency named

or admitted as a party, or properly seeking and entitled as of right to be admitted as a party, in an

agency proceeding, and a person or agency admitted by an agency as a party for limited purposes

 . . . ." 5 U.S.C. § 551(3). Thus, although the definition of party in 28 U.S.C. § 2412 does not

contain the explicit reference that 5 U.S.C. § 504 does, the clearly expressed intention of Congress

is to limit awards to parties who actually appear in the action. When a waiver of sovereign immunity

is at issue, a court must be particularly mindful to effectuate the stated congressional purpose.

Applicants argue that any party who funds litigation is entitled to an award of fees, citing

*Unification Church v. Immigration and Naturalization Service*, 762 F.2d 1077 (D.C. Cir. 1985).

Even if *Unification Church* were controlling, it is inapposite to the instant case because it involved

a situation where all of the applicants were parties to the case in which they sought attorney's fees.

*Id.* at 1079. The substantive case which gave rise to this claim for attorney's fees was one brought to

contest the denial of a protest filed pursuant to 19 U.S.C. § 1514(a) and 28 U.S.C. § 2631(a).

Congress limited who could be a party before this court in cases brought under 28 U.S.C. § 2631(a)

to the party contesting the denial of a protest or the surety to the import transaction.[3]  To expand who may be a party for an award of attorney's fees under the EAJA beyond persons Congress allows to commence an action in this court would expand, impermissibly, the waiver of sovereign immunity. *See Levernier Constr., Inc. v. United States*, 947 F.2d 497, 502 (Fed. Cir. 1991) (quoting *Fidelity Constr. Co. v. United States*, 700 F.2d 1379, 1387 (Fed. Cir. 1983) ("In construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress.").

Congress' expressed legislative intent in enacting the EAJA was to equalize the disparity between the resources and expertise of private litigants and the government. *See* H.R. Rep. No. 96-1418, at 6, (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4984.  It was not designed to allow any entity who funded litigation but could not be a party to share in an award of attorney's fees. Furthermore, American Bayridge Corporation has not shown its eligibility for an award of attorney's fees because it has not shown it met the $7,000,000 net worth and the fewer than 500 employees requirements.  Thus, construing the statute strictly, the application for attorney's fees must be denied since the applicants are not "parties" within the meaning of the EAJA.

---

[3]  It is undisputed that the applicants were neither.

## III.  CONCLUSION

For the foregoing reasons the Court finds that the applicants listed in Plaintiff's application are not "parties" within the meaning of the EAJA.  Therefore, the Court need not, and does not address the issue of whether the government demonstrated that its position at both the agency level and throughout the litigation was substantially justified.  The application for attorney's fees is denied.

SO ORDERED.

Dated: _____                              _____
    New York, NY                                         Judith M. Barzilay
                                     Judge