Slip Op. 00-61

# UNITED STATES COURT OF INTERNATIONAL TRADE

---

| | | |
|---|---|---|
| American Bayridge Corp., | : | |
| Plaintiff, | : | **Court No. 98-08-02682** |
| | | **Before: Barzilay, Judge** |
| v. | : | |
| United States of America, | : | |
| Defendant. | : | |

---

[Motion for Relief from Judgment denied.]

Decided: June 1, 2000.

Kirkland & Ellis (Kenneth G. Weigel) for Plaintiff.

David W. Ogden, Acting Assistant Attorney General,Joseph I. Liebman, Attorney-in-Charge International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Barbara S. Williams, Aimee Lee), Allan Martin, Office of Associate Chief Counsel, United States Customs Service (Louis Brenner Jr.), of counsel, for Defendant.

## OPINION AND ORDER

**BARZILAY, JUDGE:**

### I. INTRODUCTION

The motion before the Court requests relief from the final order issued in *American Bayridge Corp. v. United States*, 86 F. Supp.2d 1284 (CIT 2000), denying Plaintiff's application for attorney's fees under the Equal Access to Justice Act (28 U.S.C. § 2412 (1994)).[1] The Court found that the

---

[1] The original application was made following the Court's decision in *American Bayridge Corp. v. United States*, 22 CIT __, 35 F.Supp.2d (1998). While the Federal Circuit vacated the Court's opinion as to the correct classification of the imported goods, the Court's decision on the proper interpretation of 19 U.S.C. § 1625 was not appealed, and thereby was unaffected by the decision. *See American Bayridge Corp. v. United States*, __ F.3d __, 1999 WL 997303 (Fed. Cir. 1999). Plaintiff argues that it is a prevailing party on the statutory interpretation issue and entitled to attorney's fees.

applicants, on whose behalf attorney's fees were sought, two trade association and Buchanan Lumber Sales, were not parties to the litigation, and therefore, denied the application. *See American Bayridge Corp.*, 86 F. Supp.2d at 1286-87. Now Plaintiff American Bayridge concedes that its name did not appear on the prior application form but argues that its mistake was excusable and that relief under USCIT R. 60(b)(1) is appropriate.[2] *See* Pl.'s Mem. P. & A. Supp. Relief at 1 ("Pl.'s Mot."). For the reasons that follow, the Court denies Plaintiff's request for relief from the final order.

## II. DISCUSSION

The provision of the rule at issue states, in relevant part, that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ." USCIT R. 60(b)(1). Plaintiff does not state which of the four factors favors relief, but it does state that it was the Court's decision that gave rise to the mistake, inadvertence, surprise, or excusable neglect. *See* Pl.'s Mot. at 5. Plaintiff argues that it believed "its interpretation of the word 'prevailing party' under EAJA was correct and thus omitted its name from the Court's form." *See id.* Plaintiff does not allege that any new information surfaced or that circumstances changed in the eighty- five day period from the issuance of the decision to the filing date of its current motion. The issue before the Court is whether Plaintiff is entitled to relief under USCIT R. 60(b) having failed to seek reconsideration under USCIT R. 59(e) or to file an appeal.

For reasons not disclosed by Plaintiff, it made no request to alter or amend the judgment

---

[2] Plaintiff argues in the alternative that relief under USCIT R. 60(b)(6) is also warranted. Because of the nature of the Court's decision, it also denies Plaintiff's motion pursuant to USCIT R. 60(b)(6). The Court grants Plaintiff's Motion for Leave to File a Reply over the Defendant's objections. Arguments in that reply brief were considered but did not prevail.

under USCIT R. 59(e).[3] That provision provides for exactly the kind of relief and based upon the grounds Plaintiff alleges are present here. *See, e.g., Bio-Rad Labs., Inc. v. United States*, 12 CIT 597, 598, 687 F. Supp. 1580, 1580 (1988) (noting that USCIT R. 59 applies to rehearings directed to issues that were "treated, revealed or advanced in the original trial, decision or judgment").

A common characteristic of the grounds for granting relief under USCIT R. 60(b), however, is the availability of new information or some change in circumstances from the time the original judgment or order issued. *See Rhone Poulenc, Inc. v. United States*, 880 F.2d 401, 404 (Fed. Cir. 1989) (quoting *Bio-Rad Labs., Inc.*, 12 CIT at 598, 687 F. Supp. at 1580-81 (1988)). Therefore, Plaintiff's current motion fails to satisfy any of the factors set forth in USCIT R. 60(b)(1). Between the time the final order denying Plaintiff's application for attorney's fees issued and the time the thirty day time period for filing a USCIT R. 59(e) motion elapsed, nothing changed that would have prevented a timely USCIT R. 59(e) motion. Furthermore, filing a USCIT R. 59(e) motion tolls the time for filing an appeal, so had the Court denied the motion, Plaintiff would have had sixty days to appeal the original decision. *See Kraft, Inc. v. United States*, 85 F.3d 602, 604 (Fed. Cir. 1996) (citing FED. R. APP. P. 4(a)(4)).

Another option Plaintiff had available, but again for unstated reasons chose not to pursue, was a direct appeal to the Federal Circuit. As noted above, the order denying the application was final and appealable as of January 5, 2000. The time for filing an appeal, which in a case involving

---

[3] While USCIT R. 59(e) is titled "Motion to Alter or Amend a Judgment," USCIT R. 54 defines judgment as "any order from which an appeal lies." Additionally, it is worth noting that USCIT R. 59(e) provides a more generous 30 day time period from which to move for reconsideration than its sister rule, Fed. R. Civ. P. 59(e), which provides only 10 days. USCIT R. 58 further provides that any decision from which an appeal lies, including a final order, must be on a separate document, signed by the court and entered by the clerk. All of these requirements were met, thus there can be no question that the order entered January 5, 2000 was a final order and, for purposes of USCIT R. 59(e), a judgment.

the United States is sixty days, is a jurisdictional prerequisite. *See Kraft, Inc.*, 85 F.3d at 604. As the Court has noted in the discussion above, Plaintiff's motion does not raise any new issue that was not present at the time the Court issued the final order. In the instant posture, the Court cannot see how Plaintiff's motion is anything other than a horizontal appeal, made in the hope of reinstating its right to appeal to the Federal Circuit. If the Court granted this motion it would undeniably set a troublesome precedent that any aggrieved party could file such a motion after the time had run under USCIT R. 59(e), as well as the time to appeal, by using the original decision itself as grounds for the motion. To hold such grounds legitimate would eviscerate USCIT R. 59(e) and FED. R. APP. P. 4.

### III.  CONCLUSION

For the foregoing reasons Plaintiff's USCIT R. 60(b) Motion for Relief from Judgment is denied. SO ORDERED.

Dated: _____                        _____
              New York, NY                                          Judith M. Barzilay
                                                                         Judge