Slip Op. 00 - 68

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

————————————————————————
:
:
UNITED STATES OF AMERICA, : 
:
Plaintiff, :
:
v. : **Before: MUSGRAVE, JUDGE**
:
HITACHI AMERICA, LTD. and : Court No. 93-06-00373
HITACHI, LTD. :
Defendants. :
————————————————————————:

Decided: June 14, 2000

*David W. Ogden*, Acting Assistant Attorney General, *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, (*James W. Poirier*), for plaintiff.

*Weil, Gotshal & Manges LLP* (*John R. Wing* and *Yoav M. Griver*) for defendant Hitachi America, Ltd.

*Kirkland & Ellis* (*David G. Norrell*, *Eugene F. Assaf*, *Paul F. Brinkman*, and *Jason Beckerman*) for defendant Hitachi, Ltd.

## OPINION

Familiarity with the prior proceedings on this case is presumed[1]. After issuance of the mandate of the U.S. Court of Appeals for the Federal Circuit ("CAFC"), on July 20, 1999 the parties conferred in Court regarding Hitachi, Ltd.'s ("Hitachi Japan") motions for award of costs and judgment. Further proceedings were stayed at the government's request until September 30, 1999. Afterwards, the Court entered judgments in accordance with the appellate decision and, in view of the matters discussed at the

---

[1] *United States v. Hitachi America, Ltd.*, 21 CIT ___, 964 F. Supp. 344 (1997), *rev'd in part*, *United States v. Hitachi America, Ltd.*, 172 F.3d 1319 (Fed. Cir. 1999); *on remand*, Slip Ops. 99-116 and 99-121, 74 F. Supp. 2d 1349 (1999).

conference and the arguable wording of that appeal[2], requested "briefing" on costs from all parties.

Interpreting, Hitachi America, Ltd. ("HAL") and the government submitted their own requests for costs.

On May 18, 2000, following oral argument, the Court granted all requests, in full to Hitachi, Ltd., in part

to The United States of America, and in part to HAL, and ordered payment within 30 days. The Court's

reasoning is as follows.

**I**

The Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA")[3], permits judicial award of the costs

specified in 28 U.S.C. § 1920 in any civil action brought by or against the United States, its agencies, or

officials. 28 U.S.C. § 2412(a)(1). Since the EAJA amounts to a waiver of sovereign immunity, it requires

strict construction. *See*, *e.g.*, *American Bayridge Corp. v. United States*, 24 CIT___, 86 F. Supp.2d

1284, 1285 (2000); *Sigma Corp. et al. v. United States*, 20 CIT 852, 856, 936 F. Supp. 993, 997

(1996); *United States v. Modes Inc.*, 18 CIT 153, 154 (1994). The relevant provision reads:

> [A] court shall award to a prevailing party other than the United States .
> . . expenses . . . in any civil action (other than cases sounding in tort),
> including proceedings for judicial review of agency action, brought by or
> against the United States in any court having jurisdiction of that action,
> unless the court finds that the position of the United States was
> substantially justified or that special circumstances exist that make an
> award unjust.

28 U.S.C. § 2412(d)(1)(A).

---

[2] See 172 F.3d at 1338.

[3] Hitachi Japan briefed award of costs pursuant to the EAJA directly and HAL at oral argument requested EAJA consideration in addition to the reasons in its brief. Both parties' requests were pursuant to USCIT Rule 54(d), Rule 54(d) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1920.

The United States Supreme Court considers a "prevailing party" is one who "succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit", not success on each issue sued. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). The subordinate clause apparently contemplated suits against, not by, the United States, but more recently the Supreme Court indicated that "the touchstone of the prevailing party inquiry must be the *material alteration of the legal relationship of the parties* in a manner which Congress sought to promote in the fee statute". *Texas State Teachers Assoc. v. Garland Independent School Dis.*, 489 U.S. 782, 792-793 (1989) (highlighting added). However, a prevailing party's application may be denied if "the position of the United States was substantially justified or that special circumstances make an award unjust"[4], a matter of persuasion for the government, although facts of record may speak for themselves. *See*, *e.g.*, *American Bayridge Corp.*, *supra*, 24 CIT at ___, 86 F. Supp.2d at 1285; *Sigma Corp.*, *supra*, 20 CIT at 856, 936 F. Supp. at 998.

Unarguably, Hitachi Japan attained prevailing party status on all counts following six weeks of trial, 18 government witnesses, and the appellate decision. At the cost hearing it argued that award was appropriate because the government had engaged in years of "aggressive" discovery including dozens of interrogatories, tens of thousands of documents translated from Japanese, and five weeks of depositions in Japan on the one hand while it "consistently fought" Hitachi Japan's discovery relating to its defense (which eventually revealed exculpatory or discrediting evidence). Moreover, it contended the government requested and received several postponements of the trial, thus increasing the costs of the litigation. To

---

[4] 28 U.S.C. § 2412(d)(a)(A).

reinforce the impression, it pointed out that further to earlier Court order it had advanced the costs of travel for witnesses from Korea, Singapore, Indonesia, and England whose appearances had been demanded by the government and whose reimbursement pursuant to that order the government has been unreasonably haggling over since.

The government responded by urging the Court to deny Hitachi Japan's application based on the number of adverse trial findings, including: the fact that Hitachi Japan controlled the Atlanta MARTA project; the fact that it "constantly conferred" with HAL "over the contents of the entry documents"; the fact that it knew, through its officials, that economic price adjustments ("EPA") forwarded from the MARTA project were dutiable and that there were associated disclosure and reporting obligations and potential invoicing and reporting pitfalls; and the fact that it led HAL to the conclusion that it was permissible to pay EPA at the end of the project and never urged HAL to explore the issue to ensure compliance with law. Plaintiff's Opposition to Hitachi, Ltd.'s Request for an Award of Costs ("Plaintiff's HJ Opposition") at 2-3, referencing *United States v. Hitachi America, Ltd.*, 21 CIT ___, 964 F. Supp. 344, 378-379 (1997). The government considered Hitachi Japan's behavior "especially egregious" because of "assistance" spanning nearly a decade, control of the budget allocated to pay EPA duties, "reluctance . . . to permit the actual expenditure of that budget", and formulation of a plan to "repatriate" the budget, without payment of duty. *Id*. at 3, quoting *Hitachi* at 378-379. To emphasize these points, the government quoted several observations from the trial opinion, including that Hitachi Japan "*should have ascertained their duties with an aggression commensurate with the benefit they receive from doing business here*." *Id*. at 3-4, quoting *Hitachi* at 390 (plaintiff's emphasis). Lastly, the government

argued that the CAFC "conceded" the statute provided a cause of action "at first blush", and that the only reason Hitachi Japan is not now liable is because of their determination that such a cause of action conflicted with "fundamental legal logic". *Id*. at 4.

Nonetheless, the Court considered that the application of the appellate decision rendered irrelevant or at least moot the findings at trial against Hitachi Japan. Furthermore, the Court was not persuaded that the government's argument amounted to substantial justification on each claim against Hitachi Japan. The Court therefore granted Hitachi Japan's request for costs, plus interest. Hitachi Japan sought reimbursement from the government for process server fees, court reporting fees (including deposition, pre-trial and trial transcripts), exemplification and copying, translation, and witness fees. The amounts sought total $162,592.44, which Hitachi Japan averred were "by no means exhaustive of all expenses incurred" in its defense but which are "plainly taxable under the applicable rules, statutes and case law, and for which expenses could be ascertained with reasonable certainty." Defendant Hitachi, Ltd.'s Memorandum in Support of its Bill of Costs at 5. The Court examined Hitachi Japan's bill and supporting case law and found the items allowable.

## II

The government filed for costs under 28 U.S.C. § 1918(a) and contended the statute mandates award of costs upon request. It provides that "[c]osts shall be included in any judgment, order, or decree rendered against any person for the violation of an Act of Congress in which a civil fine or forfeiture of property is provided for." The government claimed entitlement to costs because the "penalty assessed against Hitachi America, Ltd. in this case was imposed pursuant to 19 U.S.C. § 1592, an act of Congress

falling within the scope of 28 U.S.C. § 1918(a)."  Plaintiff's Bill of Costs Against Hitachi America, Ltd.

("Plaintiff's Bill") at 1.[5]

---

[5]  The government filed its original bill and motion as of November 15, 1999.  HAL responded that this was (1) unauthorized, *sua sponte*, in disregard of Slip Op. 99-121 "and the [CAFC] instruction on which it is based", (2) untimely since it should have been filed in 1997 when HAL was found liable (*i.e.*, HAL appealed the method by which the amount of the  19 U.S.C. § 1592 penalty was calculated but not the finding of negligence or the imposition of the penalty), and (3) unsupported by any documentation. Hitachi America[,] Ltd.'s Response in Opposition to the Government's Bill of Costs ("HAL's Response I") (citations omitted). The government then filed a motion to amend together with documents in support of its earlier filed bill on February 1, 2000 which explained that filing the government's bill first and supporting documentation thereafter comported with counsel's normal practice, or at least the Rules of the Court of International Trade as he understood them.  Counsel pointed out that CIT Rule 54(d), providing that claims for "attorneys fees and related non-taxable expenses" must be brought no later than 14 days after entry of "judgment" (defined in CIT Rule 54(a) as "a decree and any order from which an appeal lies"), does not explicitly allow taxation of costs, whereas Rule 54(d)(1) of the Federal Rules of Civil Procedure allows "costs as of course to the prevailing party unless the court otherwise directs".  In response, HAL elaborated that the attempted amendment did not cure the "untimely nature" of the original bill of costs, *i.e.*, that the November 5, 1999 order neither imposed a new penalty upon HAL nor addressed a new or superceding violation by HAL of an Act of Congress, and that even if the November 5th order provided a new window of opportunity to press claims the government missed that opportunity by not filing a properly verified application until February 1, 2000.  Hitachi America, Ltd.'s Opposition to the Government's Motion for Leave to File an Amended Bill of Costs Against Hitachi America Ltd. ("HAL's Response II") at 2-3, referencing *inter alia Perez & Assocs., Inc. v. Welch*, 1990 WL 161032, *1 (E.D. La. 1990) ("When a party awarded costs fails to submit a timely application for costs that is properly verified or documented, the application should be rejected in its entirety").

To the extent the government questioned the jurisdiction of the Court of International Trade to award costs under 28 U.S.C. § 1920 and the EAJA, that matter has been settled.  *See*, *e.g.*, *United States v. Goodman*, 6 CIT 132, 141, 572 F. Supp. 1284, 1290 (1983).  To the extent counsel claimed leeway insofar as CIT Rule 54(d) does not specify precise procedure for cost claims, counsel's earlier submission, unverified, did not, as contended, comport with the exception in CIT Rule 11 requiring pleadings and other papers to be verified or accompanied by affidavit where required by rule or statute.  *See*, *e.g.*, 28 U.S.C. § 1924. Regarding HAL's contention, the argument applied with equal force to itself, since judgment for liability entered in 1997, on the other hand, the amount of the penalty was adjudged in Slip Op. 99-121 on remand. The November 5, 1999 order invited "briefing" on the appellate court conclusion, neither inviting nor precluding motions for cost.  Hitachi Japan's motion for costs filed as of July 16, 1999, with supporting documentation filed as of November 19, 1999, complied with permissible procedure.  In the end, the Court considered that the plaintiff's and HAL's motions, following Slip Op. 99-121, offset questions of timeliness and allowed them for consideration.  The plaintiff's motion to amend, furthermore, sought only to provide supporting documentation and verification for and not alter the claimed amount of its earlier-filed bill, therefore the Court found no undue prejudice and it too was allowed for consideration.

HAL argued that even as amended the government's motion did not cure the "fundamental defects" of commingled costs and the absence of proof that the costs sought were "necessarily incurred" to prove the government's case in negligence.  HAL further argued that the government advanced incorrect propositions, namely that the Court need not "look beyond . . . sworn declaration before taxing costs" and that the burden is upon HAL to disprove the amount of the government's costs[6], and argued that only properly documented and justified costs may be taxed.[7]  HAL contended that the government mainly provided derivative costs, not actual invoices, and that these do not satisfy proving services "necessary" to the litigation. HAL also pointed out that the government's proposed bill did not account for overpayment of US$219,283 sent by HAL to the U.S. Customs Services in response to the 1991 pre-penalty notice, and it argued that this should be used to offset litigation costs, if any, assessed against HAL.[8]

The government argued that such objections are without merit, noting that it should have been "obvious" from the papers filed that it sought "only a very conservative portion of our actual and necessary costs".  Plaintiff's Reply to HAL's Opposition to the Government's Motion for Leave to File an Amended Bill of Costs Against HAL at 2.  The government contended that the Court gained knowledge of the fact

---

[6]  Plaintiff's Motion for Leave to File an Amended Bill of Costs Against Hitachi America, Ltd. at 3-4.

[7]  HAL's Response II at 4-5 and n. 2, referencing *Wahl v. Carrier Manufacturing Co.*, 511 F.2d 209, 216 (7th Cir. 1975) (unsupported assertion that costs were necessarily incurred rejected as manifestly inadequate) and also *Davis v. Commercial Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir. 1990)(necessity of costs sought could not be determined from application); *D&M Watch Corp. v. United States*, 16 CIT 509, 518, 795 F. Supp. 1172, 1180 (1992) (undocumented request for Federal Express costs rejected); *Perez & Assocs., Inc. v. Welch*, *supra*.

[8]  Attached to HAL's Response I is also counsel's sworn statement, with attachment, that HAL paid the amount of the penalty and unpaid duties ordered at trial to the United States Customs Service.

that many of the documents obtained from HAL were in the Japanese language and had to be translated for trial, and that HAL's suggestion that the United States must provide detailed descriptions of the translation work to provide additional support is unreasonable and without basis in law. *Id*. Specifically, according to the government no statute or rule requires more than its sworn statement on the fees incurred for translation services, in particular 28 U.S.C. § 1918(a), 28 U.S.C. § 1924, and 28 U.S.C. § 1746.

To this, HAL stated at oral argument that only the documents in English related to its liability in negligence, a point which the government did not refute. On the substance of the government's motion, HAL contended that counsel misconstrued 19 U.S.C. § 1918(a) to require award of costs when the government prevails in litigation. HAL urged reading 19 U.S.C. § 1918(a) ("Costs *shall* be included . . .") in conjunction with 19 U.S.C. § 1920 ("A bill of costs *shall* be filed in the case and, *upon allowance*, included in the judgment or decree" and that "any court of the United States *may* tax as costs the following . . ."). HAL's Response I at 1-2 (counsel's highlighting). HAL argued that the government's "absolutist" stance should be rejected here, as it has been elsewhere[9], as encroachment upon traditional judicial discretion on such matters and as embodied in Fed. R. Civ. P. 54(d).

The government characterized HAL's argument as essentially that "28 U.S.C. § 1920 . . . repeals by implication the mandatory language of the more specific statute, 28 U.S.C. § 1918(a)", which renders

---

[9] HAL's Response I at 2-3, referencing, *e.g.*, *United States v. Erie R. Co.*, 200 F.2d 411, 412 (6th Cir. 1952); *United States v. Indiana Harbor Belt Railroad Co.*, 209 F. Supp. 245, 246 (N.D. Ind. 1962); *see also United States v. Bowden*, 182 F.2d 251, 252 (10th Cir. 1950) ("taxation of costs is a matter vested in the sound discretion of the trial court"); *United States v. Chicago, St. Paul, Minneapolis and Omaha Railway Co.*, 133 F. Supp. 76, 76 (D. Minn. 1955) ("That the allowance of costs in civil cases is within the sound discretion of the Court is universally recognized.").

the latter superfluous.[10]   The government argued that its own reading was correct, in accordance with

*Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975) and *Crawford Fitting Co.*

*v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987).

The Court found *Alyeska* instructive on the legislative history of 28 U.S.C. §§ 1920 and 1923 but

unsupportive on the contention that a violation of 19 U.S.C. § 1592 *required* award of costs to the United

States under 28 U.S.C. § 1918(a)[11].   The principle it and *Crawford* articulate is that courts may not

*expand* the scope or amounts of fees and costs Congress has declared permissible to award prevailing

parties, and *Crawford* tends to support HAL's interpretation of § 1920 insofar as it

> defines the term 'costs' as used in Rule 54(d).  Section 1920 enumerates
> expenses that a federal court may tax as a cost under the discretionary
> authority found in Rule 54(d).  It is phrased permissively because Rule
> 54(d) generally grants a federal court discretion to refuse to tax costs in
> favor of the prevailing party.

482 U.S. at 441-442.  However, reading 28 U.S.C. § 1920 here comes after that of 28 U.S.C. § 1918(a),

on which *Crawford* reiterates that Congress means what it says, and that no statutory interpretation shall

render other statutory provision superfluous.  *Id*. at 442.  After reviewing HAL's references, the Court

---

[10]   Plaintiff's Opposition to Hitachi America, Ltd.'s Request For An Award of Costs ("Plaintiff's HAL Opposition") at 2.

[11]   Act of Feb. 26, 1853, 10 Stat. 161 sought to limit and standardize judgments for costs increasingly being allowed in federal litigation to prevailing parties as exceptions to the general American rule that litigants bear their own, although *Alyeska* also affirms the "inherent power in the courts to allow attorney's fees in particular situations, unless forbidden by Congress".  *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 (1975).  *See generally id.* at 251-271.  It is also perhaps worth noting that present-day 28 U.S.C. §§ 1918(a) and 1920 derive from a 1948 recodification of 28 U.S.C. §§ 822, 9a(a), and 830 (1940 ed.), at which time "may" was substituted for "shall" before "tax as costs" in § 1920 in view of Fed. R. Civ. Pro. Rule 54(d).  No such change, however, was effected in § 1918(a).  *See* Act of June 25, 1948, ch. 646, 62 Stat. 955.

considered that they were insufficient authority for the proposition sought[12], and that the government's logic was sound because the meaning of 28 U.S.C. § 1918(a) is plain: upon motion, "costs *shall* be included in any judgment, order, or decree rendered against any person for the violation of an Act of Congress in which a civil fine or forfeiture of property is provided for."[13]  However, in keeping with *Crawford* as well as USCIT Rule (54)(d), Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, and 28 U.S.C. § 1923, the Court concluded that it had discretion over amounts "awarded".

The government's bill totaled $394,281.56. HAL contended that this (1) inaccurately represented nearly $150,000 more in costs than were incurred by HAL and Hitachi Japan combined (and despite their overlapping costs for photocopying, transcripts, *et cetera*), (2) coincidentally approximated an amount allegedly offered by the government in negotiations concerning the amount of HAL's overpayment (on which HAL's counsel has submitted his affidavit) and (3) admittedly sought to tax HAL for costs the government's bill alleged were incurred on matters concerning not HAL but Hitachi Japan[14].  HAL iterated

---

[12]  In fact, statutes mandating award of fees and/or costs to prevailing parties are not uncommon: *e.g.*, 15 U.S.C. § 15 ("Any person who shall be injured in his business or property for reason of anything forbidden in the antitrust laws may sue therefor . . . and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee"); Truth in Lending Act, 15 U.S.C. § 1640(a); Fair Labor Standards Act, 29 U.S.C. § 216(b); Merchant Marine Act of 1936, 46 U.S.C. § 1227.

[13]  *Accord Barnes v. United States*, 223 F.2d 891 (5th Cir. 1955); *United States v. Erie R. Co.*, *supra*; *Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79, 171 U.S.P.Q. 549, 15 F.R. Serv. 2d 1136 (E.D. N.Y. 1971); *United States v. Southern Railway Co.*, 278 F. Supp. 60 (W.D. N.C. 1967); *United States v. Indiana Harbor Belt Railroad. Co.*, 209 F. Supp. 245 (N.D. Ind. 1962); *United States v. Northern Pacific Railway Co.*, 54 F. Supp. 843 (D.C. Minn 1944).

[14]  The government's bill avers that the "actual costs for copying exceeded th[e claimed] amount, but we have limited our request to the amount sought by Hitachi, Ltd. in an effort to avoid litigation about the amount that was necessary."  Plaintiff's Bill at 2, n. 1.

that the government should only be entitled to costs "necessarily incurred" in properly litigating the

negligence claim under 28 U.S.C. § 1924.  On this last point, HAL painted a picture of

> the wasteful and disorganized manner in which the government litigated this case.  Moreover, while HAL was ultimately found negligent, the majority (if not all) of the "costs" now claimed by the Government were doubtless incurred trying to support [its] "byzantine" fraud theory (a theory summarily rejected by a grand jury, this Court, and the Federal Circuit), not in trying to prove HAL negligent.  It was in support of this failed theory that the Government sought worldwide document production, weeks of depositions in Japan, offered three separate damage calculations, amassed 68 binders of trial exhibits, and called 18 witnesses at trial.  Likewise, it was in trying to prove HAL fraudulent that the Government engaged in unnecessary and expensive motion practice, repeatedly asserting inapplicable privileges to frustrate the production of exculpatory documents, and making a motion for summary judgment on the issue of fraud that fell so "far short of satisfying the criteria  for awarding summary judgment" as to constitute a "waste of judicial resources".

HAL's Response I at 6-7, referencing the Court's Order of Jan. 19, 1996.

In the end, the Court noted that the government became involved in this litigation carrying a certain

amount of "baggage" which had been conjured in part by the unethical and possibly illegal behavior of

HAL's own employee.  Also observing that the government could not produce the entry documents  from

the principal port of entry, Savannah, Georgia (apparently due to destruction, to the best of the Court's

knowledge), that the extreme expense of depositions and discovery in Japan had not been, in the Court's

opinion, addressed to the issue of negligence, and that had the trial focused on negligence it would have

been much briefer and less precedential, the Court exercised discretion over the amount of costs to award

the government and found $50,000.00 appropriate, which amount is to be offset against any sums due

HAL.

**III**

HAL's written motion for costs offered no statutory justification therefor except appeal to judicial discretion. When questioned about this at the May 18, 2000 hearing, counsel replied that while HAL's briefs did not employ the magic words "prevailing party", he considered it "pretty clear that Hitachi America prevailed as to two out of three of the claims that were brought by the government. The Court of the Federal Circuit said that Hitachi America is entitled to its costs". Transcript of Hearing of May 18, 2000 at 49. In opposition to the government's motion for costs HAL also raised the point that the CAFC "addressed the issue of costs in its decision in this case, specifically directing that '[t]he government shall bear the costs of HAL and Hitachi Japan, as well as its own costs'", a decision the government did not appeal or attempt to have reheard and which became the law of the case on remand. HAL's Response I at 3, referencing, *e.g.*, *United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977). The government, however, pointed out that Hitachi Japan's brief interpreted the decision of the CAFC as awarding the costs "of the appeal" to appellants, that the "Stipulated Bill of Costs" attached to the CAFC's mandate specified only about $1,500 in combined costs which pertained to the briefing of the appeal, that the issue of costs arising from proceedings at the trial level was not raised to the CAFC, and that the CAFC would not have had the authority to address the issue in any case because it is one to be determined at the trial level in the first instance. Plaintiff's HAL Opposition at 5-6, referencing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC) Inc.*, ___ U.S. ___, 68 U.S.L.W. 4044, 120 S. Ct. 693, 711-712, 2000 WL 16307 (2000). This Court concurred with the government's interpretation on the appellate conclusion, but agreed with HAL that it was a "prevailing party" on the two issues of greater significance. *Cf.*

*Helmsley v. Eckerhart*, *supra*, 461 U.S. at 435-436 (where claims arise out of a common core of facts and involve related legal theories, "the most critical factor is the degree of success obtained."). The Court also considered that the government did not have substantial justification on those two issues, and therefore granted HAL's request to that extent.

HAL's bill itemized some $100,539.03 in costs consisting of $15,964.42 for court reporting fees, $5,869.54 for exemplification and copies of papers "necessarily obtained for use in the case", $33,429.35 for interpretation services, and $45,275.72 for transcripts of depositions. The Court examined the items and found them adequately supported, and following consideration of the parties' presentations and positions it exercised discretion to award to HAL one half of its requested costs, plus interest.

## IV

Following the hearing, the parties submitted an agreed-upon order to reflect those orders of May 18, 2000, which the Court approves herewith.

_____
R. KENTON MUSGRAVE, JUDGE


Dated:  June 14, 2000
        New York, New York